HERMAN KRUEGEL v. THOS. F. NASH, DISTRICT JUDGE.

Decided February 15, 1902.

1.—Mandamus—Statement of Facts—District Judge.

An appellant is not entitled to a mandamus to compel the trial judge to make out and file a statement of facts unless he shows that he has been deprived of such statement by the acts of the judge or the opposite party, and that he has himself not been wanting in diligence.

2.—Same—Diligence Not Shown.

Where counsel for plaintiff, thirty days after the trial and two weeks after the stenographer's transcript of the evidence had been placed in their hands, presented the statement of facts to defendant's counsel on the last day before the expiration of the time for filing the same, and for want of the necessary time it was impossible for defendant's counsel to properly examine and complete the voluminous statement and for the judge to make out and file a statement, and no excuse for the failure to sooner present the statement is shown, a mandamus will not be granted to compel the judge to make out and file a statement of facts.

Original application for mandamus.

*Herman Kruegel,* for applicant.

*Cobb & Avery* and *J. J. Eckford,* for respondent.

TEMPLETON, ASSOCIATE JUSTICE.—This is an original application for mandamus filed by Herman Kruegel against the Hon. Thos. F. Nash, judge of the Fourteenth Judicial District. The purpose of the application was to compel the respondent to make out, approve, and file a statement of facts in a cause wherein the applicant was plaintiff and Murphy & Bolanz and others were defendants. The case was tried in Judge Nash's court, a judgment being rendered for the defendants on October 28, 1901. The plaintiff filed a motion for a new trial, which was heard and overruled on November 16, 1901. Notice of appeal was given and an order was entered granting ten days after the adjournment of the court for the term in which to file a statement of facts. Court adjourned for the term on December 7, 1901. Late in the afternoon of December 16, 1901, the plaintiff presented to the attorney for one of the defendants an incomplete statement of facts, and was told by said attorney that he would meet the plaintiff the next morning with the attorneys for the other defendants and together they would consider the matter. About 10 o'clock the next morning the plaintiff delivered the statement prepared by him to the attorneys for the defendants, with the request that they examine same. He at the same time notified them that he would be compelled to have the statement by 1 o'clock, in order that he might take the statement with him to Mineral Wells to present to Judge Nash, who had gone to that place a few days before for his health. The said attorneys took the statement and examined same until shortly after noon, when the plaintiff returned, and at his request the

statement was delivered back to him. The statement was voluminous, consisting of about 120 pages of type-written matter and several pages of writing additional. It was partial and incomplete in material particulars and was not prepared in accordance with the rules. For these reasons, the said attorneys were unable to agree to the statement, and could not, in the time allowed, prepare a correct statement, and they attached a note to that effect to the plaintiff's statement. The plaintiff reached Mineral Wells about 8 o'clock that night and at once presented the statement to Judge Nash, who declined to undertake to make out a statement of facts at that time. It would have been a physical impossibility for him to have made out such statement and to have caused the same to be filed within the time allowed for filing same. He was personally willing to make out and file a statement of facts later on, but on his return to Dallas soon afterwards he found the defendants unwilling to have this done, and it appearing to him that the plaintiff had not used the proper diligence to have a statement of facts prepared and filed in due time, he declined to take further action in the premises. The facts before us do not suggest the theory that the applicant was prevented from getting a statement of facts filed within the time granted by the acts or fault of Judge Nash or the defendants or their attorneys. It is clear, from the facts stated, that defendants and their attorneys could not, after the statement was presented to them, have examined the same and made out a correct and complete statement and had same approved and filed before the expiration of the time allowed for that purpose, no matter how diligent they might have been. It follows that unless the delay of plaintiff in presenting his statement was excusable he is not entitled to the relief sought, and the burden is on him to show a sufficient excuse. It was thirty days from the time the motion for new trial was overruled and notice of appeal given to the time he presented his statement to the defendants. The evidence introduced on the trial was taken by a stenographer. It does not appear when he extended his notes, but it does appear that it was done before the 1st day of December, and that he delivered a copy of the transcription to the plaintiff on the 3d day of December, nearly two weeks before he presented the statement to the defendants. The applicant does not state any facts which show that he could not have obtained such copy sooner or that it was impossible for him to have finished and presented a proper statement earlier than he did, and in time to have had the same approved and filed within the ten days. Such being the case, a sufficient excuse does not appear, and the application for mandamus will be refused.

*Application refused.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.