CASE 2.—ACTION BY B. F. SCHWARTZ & CO. AGAINST THE
    ERIE RAILROAD COMPANY FOR DAMAGES TO
    FREIGHT.—January 28.

# Schwartz & Co. v. Erie R. R. Co.

Appeal from Jefferson Circuit Court; C. P. Branch
(Third Division).

MATT O'DOHERTY, Judge.

Judgment for defendant, plaintiff appeals — Affirmed.

1.  Carriers—Carriers of Freight—Liability.—A carrier is not re-
    sponsible for injury to apples by freezing, due to their own
    inherent nature and natural causes without fault on the car-
    rier's part, or caused by the shipper's negligence
2.  Same—Custom.—Under a custom that a carrier shall not
    open or close the ventilators of a car, or change them from
    the position in which placed by the shipper, unless so notified,
    the carrier may assume, on failure to give notice, that the
    shipper does not desire the ventilators changed, and is not
    liable for failure to do so.

THOS. A. BARKER for appellants.

POINTS AND AUTHORITIES.

1.  Unless the loss or damage is the result of inevitable acci-
dent, common carriers are responsible for the goods which they
undertake to carry. (Bland v. Adams Express Co., 1 Duvall 233
(62 Ky.); Hall & Co. v. Renfro, 3 Met. 51 (60 Ky.): A. & E.
Ency. of Law, vol. 6, page 264; A. & E. Ency. of Law, vol. 5,
page 189.)
2.  A common carrier in transportation of perishable articles
is responsible for damages occurring and any damage resulting
from a negligent act cannot be justified on ground of custom
or usage. (Thompson on Negligence, vol. 5, sec. 6592; Thomp-

Schwartz & Co. v. Erie R. R. Co.

son on Negligence, vol. 6, sec. 7882; Beard v. Illinois Central R. R. Co., 7 L. R. A. 280; Wolf v. American Ex. Co., 42 Mo. 421; Cyc. vol. 6, page 377.)

HELM, HUSTON QUINN and BENJAMIN D. WARFIELD for appellee.

(No brief in record for appellee.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

B. F. Schwartz & Co. brought this suit to recover of the Erie Railroad Company $332.50 in damages for the freezing of a car load of apples shipped on December 9, 1902, from Honesdale, Pa., to Louisville, Ky., alleging that the apples were delivered to it in good order, and that between Honesdale, Pa., and Cincinnati, Ohio, while they were transported by it, it carelessly and negligently left open the ventilators on the car, and that by reason of this the apples were frozen and unfit for use. The defendant by its answer pleaded that it placed the car at the warehouse at Honesdale at the request and for the use of G. C. Abraham; that he accepted the car and took control of it, and undertook to load and to secure and close it in accordance with his own wishes and the necessities of the freight which he put into it; that he had access to the ventilators, and could leave them open or closed as he saw fit; that he loaded the car and notified it the car was ready; that it then accepted the car from him, subject to shipper's load and count; that while the car was in its possession the ventilators were not changed or put in a different condition from that in which he had put them; that in the bill of lading under which the car was received, and which contained the instructions given for its management, there were no directions that the ventilators should

be closed or opened, or manipulated in any way; and that without such notice or direction it was the universal custom and practice of all railroad companies, well known, acquiesced in, and agreed to by the public, that the carrier should not open or close the ventilators, or change them from the position in which they were placed by the shipper. The plaintiffs demurred to the answer, the court overruled the demurrer, the plaintiffs stood by the demurrer, the court dismissed the action, and the plaintiffs appeal.

It is insisted for them that a carrier, in the transportation of perishable articles, is responsible for damages accruing, and that any damage resulting from a negligent act cannot be justified by custom or usage. Where the injury to the goods is due to their own inherent nature and from natural causes, such as freezing, without fault on the part of the carrier, he is not responsible. 6 Cyc. 381; Wolf v. Express, 43 Mo. 421, 97 Am. Dec. 406; McGraw v. Railroad Co., 18 W. Va. 361, 41 Am. Rep. 696; 5 Thompson on Negligence, section 6456. The carrier is also not responsible for any injury which is due to the negligence of the shipper. 6 Cyc. 379. The defense presented in the answer is not that a negligent act of the carrier may be justified by custom or usage. The defense is that the carrier was not negligent. When the shipper loaded the car and fixed the ventilators to suit his judgment, if the custom of the business, universal and well known, was that he was to inform the carrier if any change was to be made in the ventilators, and he failed to give such notice, the carrier had a right to assume that he did not wish the ventilators changed. If in such a case the carrier had changed the ventilators, and the apples had thereby been injured, it would have been liable for the loss; for the shipper

Schwartz & Co. v. Erie R. R. Co.

could then say, "I had fixed those ventilators right, and by giving you no directions to change them, under the custom, I directed you to let them remain as they were." If the shipper had said in words to the railroad company that he had fixed the ventilators as they should remain for the safety of the freight, the legal effect of the transaction would not have been different from what it was under the custom shown. The carrier is not guilty of negligence in obeying the instructions given it when the goods are received; and when goods are loaded on ventilated cars, the shipper arranging the ventilators, it has a right to assume, under the custom above referred to, that he expects the ventilators to remain as he has put them, unless he gives notice to the contrary.

In the case at bar the apples were shipped South. It does not appear that there was any change in the temperature while they were carried. It does not appear even that the carrier knew that the car was loaded with apples, and nothing is shown to make it incumbent on the carrier to depart from the well-known usage of the business. In Densmore Commission Co. v. Duluth, S. S. & A. R. Co., 101 Wis. 563, 77 N. W. 904, the apples rotted because they were not ventilated. A recovery was denied. The court said: "If the plaintiff desired to have the apple department of the cars ventilated by opening the side doors at stations from time to time during transit, then it should have had such stipulation inserted in the shipping order."

Judgment affirmed.