TEXAS & NEW ORLEANS RAILROAD COMPANY ET AL. v. DAVIS-FOWLER COMPANY.

Decided December 7, 1910.

**Carrier of Freight—Instructions in Bill of Lading.**

A common carrier is liable for damages resulting to a carload of fruit by its failure to observe and follow the instructions of the shipper contained in the bill of lading, as to ventilating the car. The fact that the ventilating apparatus was in certain position or condition when the car was received from the shipper would be no excuse for failure to follow the instructions in the bill of lading.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*Baker, Botts, Parker & Garwood, Lane, Wolters & Storey* and *Wm. A. Vinson,* for appellants.

*N. B. Judd,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by Davis-Fowler Company, a domestic corporation, against appellants, Texas & New Orleans Railroad Company, Louisiana & Western Railway Company, and Morgan's Louisiana & Texas Railroad & Steamship Company, to recover $365.32 damages to a carload of bananas, purchased by plain-

tiff from the Fruit Dispatch Company, who delivered the car containing them to the last named defendant to be transported from New Orleans over defendants' lines of road, thence to Houston, Texas, and there to be delivered to the plaintiff.

It was alleged that the bananas were in good condition when loaded at New Orleans, but that when they reached Houston they were cooked, overheated and ·badly damaged; that their damaged condition was caused by reason of improper ventilation; that defendants were directed in the bill of lading to carry the fruit with the ventilators of the car closed and all plugs *out;* that such instructions were disregarded by defendants, in that the goods were transported in the car with its ventilators closed and the plugs *in;* and that such was the condition, as regards ventilation, when it arrived at destination.

The defendants answered jointly by a general denial, and specially pleaded that the car in question was loaded by the Fruit Dispatch Company, and that the ventilators and plugs of said car were arranged by said Fruit Dispatch Company before delivery to the defendants; that the vents and doors of said car were sealed by said company with its individual seals, and the defendants presumed, and had a right to presume, that said ventilators and plugs were in the condition desired by the consignor and as stated by the shipping receipt and instruction prepared by the Fruit Dispatch Company; that said Fruit Dispatch Company prepared the shipping receipt or contract for the transportation of said car in its own office, made all notations thereon before said car was tendered to the defendants for transportation, and that the defendants, having full confidence in said Fruit Dispatch Company and knowing that said Fruit Dispatch Company had loaded said car and had arranged its ventilation and had sealed same with its own individual seal and relying on the representation of the Fruit Dispatch Company that the car was in the condition as stated in said shipping receipt, issued their bill of lading therefor, naming therein the identical notations placed upon the shipping receipt by the Fruit Dispatch Company; and that if the ventilation was not as called for in said bill of lading and said shipping receipt, this was due to the negligence and fault of the Fruit Dispatch Company; that in the condition said car was upon delivery to the defendants, it was impossible to determine whether the plugs were out or in; that it was the custom of the Fruit Dispatch Company and its agents to arrange the ventilation of all the cars shipped by it, and it was not the custom of the defendants to regulate such ventilation or to inspect such loading or ventilation after the cars were tendered for transportation, and that if the ventilation of the car was improperly arranged, it was due to the negligence and fault of the Fruit Dispatch Company, and not of the defendants. The defendants also impleaded the Fruit Dispatch Company.

Defendants also made the Fruit Dispatch Company a party defendant and prayed judgment over against it in the event of a recovery by plaintiff against them.

Upon the trial a peremptory instruction was given in favor of the Fruit Dispatch Company, and a verdict was found in favor of plaintiff against the other defendants for $168.15; and from the judgment entered upon it they have appealed.

The assignments of error complain of the refusal of the court to instruct a verdict for defendants, and that the verdict is against the preponderance and weight of the evidence, and is not supported by it.

This proposition: "The carrier is not responsible for the negligence of a shipper or his agent in loading cars for transportation; and the undisputed evidence in this case having shown that the car in question was loaded by the Fruit Dispatch Company, as the agent of appellee; that said company had arranged the ventilation of said car before delivery to the carriers and before the issuance of the bill of lading covering said shipment, and had closed and sealed the ventilators on said car with its own private seal and with the plugs *in,* and that in such condition of the ventilators it was impossible for anyone to determine whether the plugs were in or out without breaking the seals and that the defendants accepted said car, relying upon the ventilation being in the condition as directed by the shipping receipt, according to the usual custom and manner of the handling of the business between said Fruit Dispatch Company and the defendants, the defendants are not liable for the damage ensuing from the improper ventilation of the car, notwithstanding the bill of lading and shipping receipt contained a direction that the shipment should be made with the ventilators closed and the plugs out"—is asserted.

We do not think the principle that, "The carrier is not responsible for loss or injury to goods occasioned by them being improperly loaded on the cars by the shipper," as held in International & G. N. Ry. Co. v. Drought, 100 S. W., 1011; Ross v. Troy, etc. Ry. Co., 49 Vt., 364, 24 Am. Rep., 144; Rixford v. Smith, 52 N. H., 355; Miltimore v. Chicago & N. W. Ry., 37 Wis., 190, has any application to a case like this. Neither the pleadings nor the evidence tend to show that the bananas were improperly loaded on the car, or that any injury was caused them by improper loading, as appears from the cases cited, illustrating the principle. Here the injury was alleged to have been caused by the negligent failure of the defendants to carry the fruit in the car furnished by the shipper ventilated as stipulated in the contract. If, however, the shipper, in directing how goods shall be carried, has it specified in the contract of affreightment that the car in which they are shipped shall be ventilated in a certain manner, and the goods are injured by the car being ventilated in accordance with such directions, the carrier is not liable for the damages flowing from its being ventilated in obedience to the shipper's directions. Were this not so, a common carrier might be held liable for the consequence of pursuing the shipper's direction which he had incorporated in and made a part of the contract.

In this case it is insisted by defendants, in view of the principle just stated, that having received the loaded car from the shipper with the *vents* closed and all the plugs *in,* they had the right, in absence of any

knowledge to the contrary, to assume the ventilating appliances were adjusted in accordance with the stipulation incorporated in the bill of lading, and that it was not negligence on their part to haul the car to destination with the ventilation apparatus arranged as it was. We do not think such a corollary can be deduced from the rule, or any such presumption, either of law or fact, can be attached to it. As soon as the car of bananas was delivered to defendants their liability as common carriers began, and it became their duty to see that its ventilation was as stipulated in the bill of lading and to keep it so. No duty rested on the shipper under the contract to see to the arrangement of the ventilating apparatus of the car, nor was such duty cast upon him by the law.

But suppose the contention of the defendants be conceded; they would then have the burden of proving that when the car was received from the shipper the ventilation apparatus was adjusted when they received it as it was found when it arrived at destination—the vents closed and the plugs *in*. It is not contended that the fruit was not damaged from this condition of the ventilation, and the undisputed evidence shows that it was. The evidence shows that the shipper did not seal either the vents or plugs. It is conceded by the defendants, as well as shown by the evidence, that it was stipulated in the bill of lading that the bananas should be transported in the car with its vents closed and all the plugs out. While the evidence is somewhat conflicting, we think it reasonably sufficient to prove that such was the arrangement of the vents and plugs when the car was received by defendants for transportation, and that when it reached Houston the vents were closed and the plugs *in*.

There is no error in the judgment and it is affirmed.

*Affirmed.*