TEXAS & P. RY. CO. v. RACKUSIN.

(Court of Civil Appeals of Texas. Dallas. March 23, 1912.)

1. CARRIERS (§ 131*)—INJURY TO FREIGHT—PROOF AND VARIANCE.

In an action against a railroad company for injuries to goods, where the petition alleges an express agreement of carriage, no recovery can be had, in the absence of proof of such agreement.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 569–577, 593; Dec. Dig. § 131.*]

2. CARRIERS (§ 177*)—CARRIAGE OF GOODS—LIABILITY OF CONNECTING CARRIER.

A connecting carrier, which received fruit cars that had been loaded by the consignor at the time of shipment over the initial carrier, and which were accompanied by messengers whose duty it was to attend to the heating of the cars, is not liable for any defects in the cars furnished, or for the failure to keep the cars at the proper temperature.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 775–803; Dec. Dig. § 177.*]

3. TRIAL (§ 252*)—CARRIAGE OF GOODS—ACTIONS—INSTRUCTIONS.

In an action against a railroad company for damages to a shipment of fruit, instructions on the issue of delay in shipments were improper, where that issue was not presented by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Kaufman County Court; Thos. R. Bond, Judge.

Action by H. Rackusin against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. L. Hall, of Dallas, Terry & Brown, of Kaufman, and Gossett & Shearon, of Dallas, for appellant. Bumpass & Dumas, of Terrell, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages to two car loads of bananas, which occurred on appellant's road in transportation from New Orleans, La., to Terrell, Tex. Appellant answered by general denial. A trial resulted in a verdict and judgment in favor of appellee for $500, and appellant appeals.

Reasons for Reversing.

[1] 1. The probata and allegata do not correspond. The petition alleges "that the defendant contracted and agreed with him to transport said two cars of bananas to him at Terrell, Tex., in good condition, and contracted and agreed to furnish him good and substantial air-tight cars for his said bananas." There is no evidence showing that appellant entered into any kind of contract or agreement in relation to the transportation of said bananas whatever. No bill of lading was introduced, nor any parol evidence of any kind, or of any agreement. The allegations being on an express agreement, in the absence of proof of such an agreement, no recovery could be had.

[2] 2. There is no proof that appellant was to furnish an air-tight car, or any kind of a car, nor that it did furnish any character of car. The evidence does not show that the shipment originated on the line of appellant, but does tend to show that the shipment originated on the line of the New Orleans & Northeastern Railway Company, and delivered by that road to the consignors for loading, and whose employé inspected the cars. When received by the consignor, and before loading, said cars were examined by servants of the consignors, who were employed for that purpose, and for the purpose of accompanying said cars, and looking after the fruit in transit, and keeping the cars at

proper temperature. These employés are called "messengers." They received the cars and pronounced them in good condition, and testified they were properly heated throughout the route, and delivered in good condition. Under the foregoing circumstances, appellant was not responsible for the kind of car furnished, nor for the failure to keep the cars at the proper temperature. Railway Co. v. Shean (Sup.) 18 S. W. 151; Railway Co. v. Wittnebert, 101 Tex. 368, 108 S. W. 150, 14 L. R. A. (N. S.) 1227, 130 Am. St. Rep. 858, 16 Ann. Cas. 1153.

[3] 3. There was no evidence tending to show such facts as authorized a recovery on the allegations for delay, and the court erred in charging on that issue.

The judgment is reversed, and cause remanded.