ABILENE & S. RY. CO. v. WARD. (No. 8214.)

(Court of Civil Appeals of Texas. Ft. Worth. June 5, 1915.)

1. CARRIERS ⊜⊐137—CARRIAGE OF GOODS— INJURY—INSTRUCTION.

In an action against railroads for injury to a shipment of fruit by freezing in transit, where the main issue was whether such fruit was delivered to the road by the plaintiff's

agent, who instructed defendants' agent to leave the vents of the car open during transit, the court's refusal to charge that if the one making the delivery was the agent of the shipper, and gave such directions to leave the vents open, the jury should find for the defendants, was erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 594, 595; Dec. Dig. ☞137.]

2. PRINCIPAL AND AGENT ☞54—DELEGA-TION BY AGENT—DUTY INVOLVING DISCRE-TION.

Where the circumstances are such that a principal, in trusting his agent with duties involving discretion, and so nondelegable, must have known from the agent's situation that such duties would have to be delegated to a subagent, such principal is bound by the acts of such subagent in the exercise of the discretion.

[Ed. Note.—For other cases, see Principal and Agent, Cent.Dig. §§ 87–90; Dec.Dig. ☞54.]

3. CARRIERS ☞132—BILL OF LADING—MIS-TAKE OR FRAUD—BURDEN OF PROOF.

In an action against defendant railroads for damage to fruit by freezing in transit, where the defendants put in evidence a bill of lading, signed by the agent of the shipper for the purpose of shipping the fruit, whose authority could not be denied under the particular circumstances, containing the instruction that car vents should be kept open to destination, the burden of proof was on plaintiff shipper to show that such direction was inserted in the bill of lading without the authority of his agent, since in the absence of accident, fraud, or mistake, the bill of lading, as a contract, was binding, the agency for the shipper of the one who signed the bill not being open to denial.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. ☞132.]

Appeal from Jones County Court; Joe C. Randel, Judge.

Action by H. A. Ward against the Abilene & Southern Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed, and cause remanded.

Chapman & Coombes, of Anson, for appellants. Walter S. Pope, of Anson, for appellee.

BUCK, J. H. A. Ward, of Anson, Tex., sued the Abilene & Southern Railway Company, the Texas & Pacific Railway Company, the El Paso & Southwestern Company, the El Paso & Southwestern Railway Company of Texas, and the El Paso & Northeastern Railroad Company, for damages in the sum of $550, and for cause of action alleged that plaintiff on December 1, 1913, shipped over the defendants' lines 600 bushels of apples from Capitan, N. M., to Anson, Tex., through his agent L. T. Ward, and that the latter delivered the apples to the initial carrier, the El Paso & Southwestern Company, lessor of the El Paso & Southwestern Railroad Company and the El Paso & Northeastern Railroad Company, and that by its written contract said lessor company agreed to deliver said shipment to plaintiff safely and securely at Anson by the lines of the connecting carriers mentioned, but that said defendants negligently permitted the apples to be exposed to severe weather and freeze while en route, and negligently permitted the vents in said car to be left open, and that all of said apples, with the exception of about 100 bushels, were frozen and rendered worthless. That if said apples had been delivered in a sound condition they would have been worth at Anson $1 a bushel.

Defendants, after general and special denial, specially pleaded that the apples were at the time of the shipment in a badly damaged and specked condition, due to having been subjected to a severe hailstorm while in an immature condition and yet on the tree, and that they were rotten at the time of the shipment, and that they were hauled some 23 miles to Capitan in wagons, and roughly handled by plaintiff's agents, and loaded into the wagons and unloaded therefrom into the cars by means of scoops, and were thereby cut and bruised, and were not, therefore, in a sound, marketable condition at the time of the delivery to defendants. They further denied that they negligently permitted said apples to be exposed to severe weather, or permitted them to become frozen, but averred that, considering the condition of the apples at the time they were received by defendants, they were delivered to plaintiff at Anson in as good condition as the nature of such perishable articles would permit. They further pleaded that, if said apples were in fact frozen while en route, and the said vents in the car were left open, it was not through the negligence of defendants, but by reason of the instruction and directions of one P. G. Hale, the agent of plaintiff, who delivered said apples to defendants.

Plaintiff, in supplemental petition, after special exception and special denials of various allegations in defendants' answer, specially denied that the vents in said car were left open under the instructions of P. G. Hale, as agent of and acting for plaintiff, and specially denied the authority of said Hale to bind plaintiff by any such instructions, and that, even if said Hale did so instruct the agent of defendants at Capitan to leave the vents of the car open to destination, he was not authorized by plaintiff so to do. Plaintiff further alleged that each of said defendants well knew of the cold weather usual and customary at that time of year, and that, in fact, while the shipment was en route a "blizzard came up and the temperature greatly fell to an unprecedented degree, but notwithstanding this fall in temperature, the defendants and each of them negligently let said car vents remain open, thereby subjecting said apples to the severe weather."

Defendants, in supplemental answer, alleged that plaintiff had held out the said Hale as his agent in the transaction with defendants, and was thereby estopped from de-

nying his authority and agency in the respects theretofore plead.

The cause was tried before the court and jury, and from a verdict and judgment for plaintiff in the sum of $200 against the defendants, jointly and severally, the defendants have appealed.

In their fourth assignment, appellants complain of the refusal of the court to give the following requested instruction:

"If you find from the evidence that P. G. Hale loaded the apples in question on the car of the initial carrier at Capitan, N. M., for the shipper, L. T. Ward, and signed the bill of lading for the shipment of said apples for the said L. T. Ward, and instructed the agent of the defendants at Capitan, N. M., to open and leave open the vents of said car, and that the apples in question froze in transit by reason of said vents being left open, you will find for the defendants."

The fifth assignment is directed to the failure of the court to give the following special charge requested by defendants:

"You are instructed by the court that if you find from the evidence that P. G. Hale was the agent of the shipper, L. T. Ward, and that when he signed the contract or bill of lading in question, if he did so, he directed the agent of the defendants, to open and leave open the vents in the car to point of destination, and that the apples were frozen by reason of said vents being left open, you will find for the defendants."

Plaintiff did not complain of any negligence on the part of defendants, except the leaving open of these vents. He testified that the run from Capitan to Anson was made in exceptionally good time. Defendants pleaded that the vents were left open under the instructions of Hale, and introduced the written contract or bill of lading, upon which plaintiff had declared his action, which bill of lading was signed by C. C. Belknap, agent of the El Paso & Southwestern Company, and by "L. T. Ward, shipper, per P. G. Hale." L. T. Ward testified: "Pete G. Hale signed up the contract for me with the railroad." In this bill of lading, inserted in writing, and above the signature of Hale and Belknap, is the plain instruction, "Keep vents open to destination." It is true that Hale testified that he did not give any such instructions to the agent of defendants, but that he "left it to the agent to close or open the vents," yet certainly it was an issue raised by the pleadings and evidence (1) whether Hale was the agent of the shipper for the purpose of making the contract of shipment, and (2) whether Hale did give such instructions to the agent of the initial carrier. Belknap, testified that Hale did give such instructions, and the written contract upon which the right of recovery is based, and which is signed by both Hale and Belknap, contains the instructions.

[1, 2] The court nowhere submits to the jury the most vital questions in the case, to wit, the question of Hale's agency and the question of whether or not he gave such instructions to the agent of defendants. We think the failure of the court to give at least one of these requested charges, preferably the last mentioned, is reversible error. Hale was selected by L. T. Ward, the shipper, to haul the apples overland to Capitan, and to load them on the cars because of Hale's supposed qualifications for such an undertaking. Young Ward was a teacher and his school was in session, and his father (H. A. Ward) must have known that his son could not personally look after the hauling, loading on the cars, and shipment of the apples, and must have anticipated that he would do just what he did do, secure some one, whom he believed to be qualified, to attend to these matters for him. Hale was shown to be experienced in hauling and shipping apples, while young Ward testified that he, himself, had had no such experience. Appellee urges that L. T. Ward was merely the agent of the consignee (his father) and that therefore, he was not authorized to delegate to a subagent a duty involving discretion. In the first place, it does not appear from the record that the defendants had any notice of who was the owner of the apples, whether the shipper or the consignee, but, in any event, the rule upon which appellee relies is subject to exceptions. If the circumstances connected with the transaction are such that the principal must have reasonably known that duties involving discretion and ordinarily nondelegable would have to be delegated by his selected agent to a subagent, said principal is bound by the acts of such subagent within the exercise of such discretion. Eastland et al. v. Maney, 36 Tex. Civ. App. 147, 81 S. W. 574; Mechem on Agency, vol. 1, § 317.

It is further urged by appellee that, even though Hale was the agent of L. T. Ward, the shipper, and even though he did instruct the railway company's agent to leave the vents open to destination, that upon the happening of an unprecedented spell of cold weather while the shipment was en route the defendants would be negligent if they permitted said vents to remain open. The evidence is very meager upon which to establish the existence of any unprecedented spell of weather during transit of the shipment. The nearest approach to it is the testimony of L. T. Ward. He testified that sometime after the apples were loaded at Capitan it turned cold, "it was what we would determine a blizzard here," but he does not say how soon after the loading the blizzard occurred, nor where the apples were at the time, nor that such a spell as he testified occurred was "unprecedented" at Capitan at that season of the year. No other witness testified to any unusually cold weather for that time of year, though Hale, Belknap, and H. A. Ward testified as to the weather, and that it was cool or cold about the time of the shipment.

In Gillett v. Ry., 68 S. W. 61, cited by both appellee and appellants, it was held by the Court of Civil Appeals for the Third District, quoting from the syllabus:

"That where a shipment of vegetables was made in the month of February, when freezing weather is not unusual, and the consignors directed the carrier to leave open a vent in the car, they could not recover for loss caused by severe, but not unprecedented, cold weather," —and that it was not the duty of the carrier under such circumstances to disregard the instructions of the consignor.

[3] In view of another trial, we perhaps should say further, that while we do not feel justified in sustaining appellants' first or second assignments, which, in different forms, are directed to the alleged error of the court in failing to give a peremptory instruction for the defendants, yet we are of the opinion that, in the present condition of the record, plaintiff's right of recovery is dependent upon his establishing that the instructions to "keep vents open to destination" were inserted in the bill of lading without the authority of Hale, for the majority, at least, are inclined to the view that in the absence of pleading and proof to establish accident, fraud, or mistake, under the present record, the bill of lading as a contract is binding, for the reason that Hale's agency cannot be successfully denied.

For the reasons mentioned, the judgment of the trial court is hereby reversed and the cause remanded.