GULF, C. & S. F. RY. CO. v. PERSKY.
(No. 5826.)

(Court of Civil Appeals of Texas. Austin. Jan. 16, 1918.)

1. CARRIERS ⚖➡120, 121—GOODS—LIABILITY.

A common carrier of goods is not an insurer against deterioration by reason of the inherent quality of the goods in consequence of the laws of nature, or for injury occasioned by the fault of the complaining party.

2. CARRIERS ⚖➡133 — GOODS — INJURY — EVIDENCE—ADMISSIBILITY.

Since when a shipment is in charge of the owner's representative, and the carrier obeys his instructions, it is not liable for resultant damage, it is error to exclude evidence that the conductor obeyed the instructions of a messenger who accompanied the goods, although there was no direct evidence that the messenger was hired by plaintiff.

3. CARRIERS ⚖➡133 — GOODS — INJURY — EVIDENCE—ADMISSIBILITY.

In consignee's action for damage to bananas in transit, it was error to exclude the contract between the consignor and the consignee authorizing employment of a messenger to care for the fruit, where the carrier defended on the ground that its conductor obeyed the instructions of the messenger.

4. TRIAL ⚖➡251(3)—INSTRUCTIONS—CONFORMITY WITH ISSUES.

In consignee's action for damage to bananas in transit, defended on the ground that the conductor obeyed the instructions of a messenger accompanying the shipment, it was error to fail to submit the issue raised by such defense.

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by M. Persky against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and F. J. Wren, of Ft. Worth, for appellant. W. K. Saunders, of Belton, for appellee.

JENKINS, J. Appellee brought suit to recover damages of appellant on account of injury to two carloads of bananas bought from the Fruit Dispatch Company, and shipped from New Orleans to Belton and to Lampasas. Appellee alleged that by reason of the negligence of appellant one car of said bananas was totally destroyed by being froz-

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

en, and the other 'was damaged by the bananas becoming overripe. The bananas were in good condition when shipped, and there was no delay in their shipment. The evidence was contradictory as to whether the bananas were frozen, and, if so, whether they were frozen when they arrived, or were frozen after they were received by appellee.

The pleadings and the evidence also raised the issue as to whether the bananas in both cars were injured, if at all, by reason of the conduct of a messenger in charge of such shipments. Such being the state of the testimony, the court did not err in refusing to give the peremptory instruction requested by appellant. The case was submitted to the jury upon a general charge; they returned a verdict in favor of appellee, and judgment was entered accordingly.

The appellant excepted to the charge of the court, pointing out specifically its objections thereto, in, among other things, that the fruit was of a perishable nature, and deteriorated by reason of its inherent tendency to decay. The court charged that a common carrier is an insurer of goods received by it for shipment, except when the damage occurs by the act of God, or of a public enemy.

[1] There are two other exceptions to liability of a common carrier for damage to goods shipped when the issue of delay is not involved, viz. where the deterioration is by reason of the inherent quality of the goods in consequence of the laws of nature, or where the injury is occasioned by the fault of the party complaining. Chevallier v. Straham, 2 Tex. 123, 47 Am. Dec. 639; Albright v. Penn, 14 Tex. 297; Railway Co. v. Levi, 76 Tex. 337, 13 S. W. 191, 8 L. R. A. 323, 18 Am. St. Rep. 45; Railway Co. v. Roberts, 85 S. W. 479. The error in the court's charge in not submitting the perishable nature of the fruit was cured by special charge No. 3, given at the request of appellant.

[2] The uncontroverted testimony was that the shipments were in charge of a messenger who was not employed by any of the carriers over whose lines the shipments were made. The appellee insists that there was no evidence that a messenger was in charge after the shipments arrived at Ft. Worth, at which point they were received by appellant, until their arrival at Belton. There was no evidence to the contrary. As the bananas were in good condition when shipment was made, and as there was no delay in the shipment, it is made to conclusively appear that if one car was injured by cold, it was in consequence of the vents being left open, and if the other car was injured by overheating, it was in consequence of the vents being improperly closed. The appellant offered to prove, but was not permitted to do so, that its conductor obeyed the instructions of the messenger, and, if this was true, it was immaterial whether or not the messenger personally accompanied the shipment from Ft. Worth to Belton; and the refusal of the court to allow this evidence constitutes reversible error.

When a shipment is in charge of some one representing the owner, as a caretaker or messenger, and the carrier obeys his instructions, it is not responsible for any damage that may occur by reason thereof. Gillett v. Railway Co., 68 S. W. 61; Railway Co. v. Dorsey, 30 Tex. Civ. App. 377, 70 S. W. 577; Railway Co. v. Davis-Fowler Co., 133 S. W. 309.

[3, 4] Appellee insists that the evidence does not show that the messenger was employed by him. As he was not employed by the carriers, the conclusion follows that he was employed either by appellee or by the fruit company. If by the fruit company, it was material to show that it was authorized by appellee to employ such messenger. For the purpose of showing such authority, appellant offered in evidence the following clause in the contract under which appellee purchased the bananas in question:

"Unless the contrary is clearly specified in writing, every order for bananas or fruit given to the Dispatch Company shall be understood to contain the request that a messenger be furnished to accompany the bananas or fruit purchased, for the benefit of the purchaser. The Dispatch Company, at all times, shall have the option of approving such messenger or not. Whenever a messenger shall accompany a car or cars, he will be instructed to look after the interests of the purchasers, and accordingly will be subject to all the instructions of the purchaser respecting their bananas or fruit, respectively. In absence of such instructions, the messenger will conform to the general rules and regulations established by the Dispatch Company, and to such special orders as the Dispatch Company may give on behalf of the purchaser in any case."

It was error to refuse to allow this contract to be given in evidence, and it was error for the court to refuse to submit to the jury instructions as to this phase of the case.

For the reasons stated, this cause is reversed and remanded for a new trial.

