### N. NIGRO & CO. v. HOUSTON & T. C. R. CO. et al.　(No. 8805.)

(Court of Civil Appeals of Texas. Dallas. April 14, 1923.)

1. Carriers ⬤≈117—Custom for caretaker to accompany banana shipments cannot be relied on to nullify legal rules of liability for injuries in transit.

A custom between a shipper and a carrier for a caretaker selected by the former to accompany banana shipments and exclusively attend to ventilating the cars, cannot be relied on to nullify the rule of liability for injuries in transit declared by the Interstate Commerce Act (U. S. Comp. St. § 8563 et seq.) or any other law.

2. Carriers ⬤≈134—One accompanying banana shipment to attend to ventilation held consignee's agent, so as to relieve carrier from liability for injuries in transit.

In an action against a carrier for damages to a shipment of bananas in transit by failure to properly ventilate the car, evidence held sufficient to establish implied authority from plaintiff, as consignee, to the shipper, to employ a messenger to accompany the shipment and exclusively attend to ventilating the car, so as to make him plaintiff's agent and relieve defendant from liability under the common-law rule or the Interstate Commerce Act (U. S. Comp. St. § 8563 et seq.).

Appeal from Dallas County Court; T. A. Work, Judge.

---

⬤≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by N. Nigro & Co. against the Houston & Texas Central Railroad Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. H. Graham, of Dallas, for appellant.

Baker, Botts, Parker & Garwood, of Houston, and Gaius G. Gannon and Smith, Robertson & Robertson, all of Dallas, for appellees.

HAMILTON, J. This is an action for recovery of damages alleged to have been inflicted through the negligence of appellees in the interstate transportation of a car of bananas from New Orleans to Dallas. The case was tried below before the court and a jury, and resulted in an instructed verdict for appellees.

Three grounds of negligence were alleged, as follows: (1) That the shipment was improperly routed; (2) unreasonable delay of the shipment by appellees at the origin and also in transit; and (3) failure to ventilate the car properly during transit.

The first two alleged grounds of liability are virtually abandoned on this appeal. Moreover, we regard the proof as altogether inadequate to support either of them. As the case is presented, we are not called upon to discuss them further in this opinion.

Appellees having specifically pleaded defenses absolving them from liability on account of failure to ventilate the car properly in order to preserve the bananas against hurtful temperatures, the following facts were established by the evidence: The shipment moved over appellees' lines and connecting railroads from New Orleans to Dallas on a through bill of lading, and accordingly was interstate. The shipment was from Cuyamel Fruit Company, of New Orleans, and appellant was the consignee. The bill of lading bore the notation, "E. Ryan, messenger in charge." E. Ryan, the person named as messenger in the notation which the bill of lading bore, in fact accompanied the car of bananas all the way from New Orleans to Dallas. A written report made by him after the shipment had been completed was introduced by appellant on the trial of the case, and this report showed the contents of the car to have been in good condition when it left New Orleans, how it was routed into Dallas, and that Ryan had had charge of the car and had ventilated it throughout the course of transportation from New Orleans to Dallas.

Appellant himself testified that a custom had existed many years according to which shippers of bananas had sent a messenger to accompany each shipment and attend to the ventilation of the cars in which bananas were transported. He testified that these messengers were experts and thoroughly understood the methods of proper ventilation so as to prevent injury. Testimony in his behalf indicated that proper ventilation of cars in which bananas were shipped could not be had except by these experienced messengers.

The agreed statement of facts reveals that appellees had nothing to do with the employment of Ryan, that he had no connection with appellees, and that he was employed by Cuyamel Fruit Company to accompany the shipment and attend to the ventilation of the car. The agreed statement of facts further reveals that appellant understood the shipment would be accompanied by such messenger, who would have charge of the ventilation of the car for the purpose of keeping the temperature so regulated that the bananas would not be injured by becoming overheated or chilled. Appellant's understanding that the messenger would accompany the shipment and attend to it was based upon the fact that it was customary to send a messenger with such shipments. He had had many years' experience in thus dealing with shipments of bananas from Cuyamel Fruit Company to him.

[1] The only conclusion fairly deducible from the evidence is that a special understanding existed among all parties, the shipper, appellant, and appellees to the effect that a caretaker or messenger selected by the shipper would accompany the shipment and exclusively attend to the ventilation of the car. The bill of lading carried on its face notice that this was the arrangement. Custom generally followed between the shipper and appellant had fixed it as the rule in connection with this character of shipments for their protection against injury in transit. Such custom, of course, could not be relied upon to nullify the rule of liability declared by the Interstate Commerce Act (U. S. Comp. St. § 8563 et seq.) or by any other law. The very messenger named in the bill of lading did in fact accompany the shipment for the purpose of expertly ventilating the car, and discharged this duty even to the point of notifying appellant of the arrival of the shipment in Dallas about 10 minutes after it arrived. Appellant acquiesced in the shipment being placed in charge of the messenger, and thus excluding it from the care of the appellees so far as ventilation was concerned. His evidence establishes approval by him of the withdrawal from the appellees of the responsibility to look after the ventilation of the car.

[2] We believe the proof sufficient at least to establish implied authority from appellant to Cuyamel Fruit Company to employ the messenger to accompany the shipment and attend to ventilating the car. The effect of the testimony, therefore, is to make the messenger appellant's agent and to relieve appellees of liability under the peculiar facts. Under these circumstances, we think justice requires that appellees ought not to be held liable. T. & P. R. Co. v. Rackusin (Tex. Civ. App.) 145 S. W. 734; G., C. & S. F. R. Co. v. Persky (Tex. Civ. App.) 200 S. W. 606. This holding is not in conflict with the common-law rule

which ordinarily would require appellees to perform the duty of properly ventilating the car, nor is it in conflict with the Interstate Commerce Act, imposing liability upon transportation companies for any damages caused by them.

The judgment is affirmed.