## Gus Datillo Fruit Company v. Illinois Central Railroad Company, et al.

### (Decided November 25, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Carriers.—Construction of shipper's written instructions to carrier as to ventilation of fruit car was for court, in action for damages to fruit by violation thereof.

2. Carriers.—Where ventilation of fruit car, reconsigned to another destination by shipper's order, was arranged by shipper, whose written instructions to let it so remain, unless otherwise instructed, were received by carrier on printed form containing place for insertion of icing instructions, which were not given, no issue as to whether instructions were carried out was presented for jury, in action for damage to fruit by breaking vents and icing car.

3. Carriers.—Carrier icing fruit, contrary to shipper's instructions to let ventilation remain as arranged by him, is liable for resulting damages to fruit, whether or not it was proper to ice car, though it would not have been liable for damages resulting from carrying out shipper's instructions.

4. Carriers.—Measure of damages to shipper by icing of fruit car, contrary to his instructions, after reconsignment to another destination, where there was no market for so large a quantity of fruit, is difference between fair and reasonable market value thereof in sound, merchantable condition at nearest market and its

fair and reasonable market value at same place in condition in which actually delivered.

5. Evidence.—In action for damage to fruit by icing car, contrary to shipper's instructions, testimony as to size of car from copy of railway equipment register filed with Interstate Commerce Commission held inadmissible, where such document was not authenticated in accordance with Interstate Commerce Act, sec. 16a, added by Act June 29, 1906, sec. 6 (49 USCA, sec. 16a; U. S. Comp. Stats., sec. 8585), or Ky. Stats., sec. 1636.

6. Evidence.—Carrier's waybill is no part of shipping contract, but merely a private paper issued by carrier for use or convenience of its own agents, and notations thereon as to icing in transit are inadmissible to vary contract or shipper's written instructions.

THOS. C. MAPOTHER for appellant.

TRABUE, DOOLAN, HELM & HELM and HUMPHREY, CRAW-FORD & MIDDLETON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Gus Datillo, a wholesale fruit dealer, doing business in Louisville, Ky., as Gus Datillo Fruit Company, has appealed from a judgment dismissing his petition. In August, 1925, there was shipped to him from New Orleans, over the line of the Illinois Central Railroad Company, a carload of bananas, accompanied by a messenger or agent of the shipper, who regulated temperatures in the car in order to preserve the fruit. The bill of lading contained this notation: "Ventilation or icing instructions to be arranged by messenger when in charge or on special instructions." Datillo was notified of the arrival of the shipment in the Illinois Central yards at Louisville on August 7th, and, in company with a banana expert, promptly inspected the fruit which is shown to have been in good condition at that time and place. Datillo sold the bananas for shipment to Huntingburg, Ind., on the line of appellee, Southern Railway Company, and reconsigned the car to that point by order given to, and accepted by, the Illinois Central Railroad Company at Louisville. He took out the plugs, opened and adjusted the ventilators, fastened them in that position, and gave to appellee, Illinois Central Railroad Company, a written statement that he had done so, and written instructions to "keep vents and plugs as above to destination, unless otherwise instructed," and no further instructions were ever given by him. Having thus set the vents, and given

written directions for them to be kept so, Datillo did not send a messenger with the shipment from Louisville to Huntingburg. The shipment reached Huntingburg on Saturday, August 8th, and the agent of the Southern Railway Company mailed a notice of arrival to consignee. On the following day, this agent, conceiving that the car should be iced, and on authority of one of his superiors, but without instructions from either Datillo or consignee, caused the fastenings on the vents to be broken, and had the bunkers of the car filled with 8,400 pounds of ice, whereby Datillo claims the bananas were chilled, frozen, and damaged to the extent of $626.25.

Datillo moved for a peremptory instruction, which was refused, and the court gave to the jury an instruction submitting to it whether appellees had followed the instructions of the shipper above referred to. The verdict was for appellees.

As stated, the ventilation of this car was arranged by Datillo, and written instructions received by appellees to let it so remain, unless otherwise instructed. The printed form on which these instructions to the railroad were given also contained a place to insert "icing instructions, if any," and none were inserted or given by Datillo. It is manifest, therefore, that the case presents no issue for proper submission to a jury as to whether the instructions of Datillo were carried out. These instructions were in a writing, the construction of which was for the court, and the undisputed evidence is that they were violated. The carriers indeed sought to make it appear that what was done was proper notwithstanding the instructions of shipper, but it was nevertheless contrary thereto, and it seems to us that the only questions remaining are whether such breach of instructions damaged the fruit, and if so, to what extent. If Datillo's instructions had been carried out, appellees would not have been liable for the result of such action; but they are clearly so for action contrary thereto. Schwartz & Co. v. Erie Railroad Co., 128 Ky. 22, 106 S. W. 1188, 32 Ky. Law Rep. 777, 15 L. R. A. (N. S.) 801; T. & N. O. R. Co. v. Davis-Fowler Co., 63 Tex. Civ. App. 242, 133 S. W. 309; Cassone v. N. Y., N. H. & H. R. Co., 100 Conn. 262, 123 A. 280; So. Exp. Co. v. Fant Fish Co., 12 Ga. App. 447, 78 S. E. 197; N. Nigro & Co. v. H. & T. C. R. Co. (Tex. Civ. App.) 250 S. W. 739. For the error in submitting to the jury the issue as to whether they were carried out, the judgment must be reversed, and we think

the whole law of the case will be embraced in an instruction substantially as follows:

> "If the jury believes from the evidence that the bananas involved herein were delivered to the consignee at Huntingburg, Ind., in a damaged condition, you will find for the plaintiff against both defendants, and award him such sum in damages as you may believe from the evidence represents the difference, if any, between the fair and reasonable market value of said bananas at Louisville, Ky., on the 9th day of August, 1925, in sound, merchantable condition, and their fair and reasonable market value at Louisville, Ky., at said time, in the condition in which they were actually delivered at Huntingburg, Ind., your whole award in no event to exceed the sum of $626.25, with interest, or not, in your discretion, from August 9, 1925. If you find for the defendants, you will say so by your verdict, and no more."

The reason the value of these bananas is determined by the Louisville market rather than the market at Huntingburg is because the evidence shows there was no market at Huntingburg for this amount of bananas, and the nearest market to Huntingburg for that quantity of bananas was the market at Louisville, and all the evidence was directed to the value of the fruit on the Louisville market.

For the guidance of all concerned on another trial, it might be well to notice other alleged errors. Datillo complains of testimony admitted over his objection with reference to the size of the car in which the fruit was conveyed, which was given by a witness for appellee from a copy of the railway equipment register on file with the Interstate Commerce Commission. This document was not authenticated in accordance with the provisions of the Interstate Commerce Act—34 U. S. Stat. 592 (49 USCA sec. 16A; U. S. Comp. St. sec. 8585)—nor those of section 1636, Kentucky Statutes. It was therefore inadmissible.

Appellant further complains of the admission in evidence of notations on the carrier's waybills relative to icing in transit. The waybill is no part of the contract between the parties, but merely a private paper issued by the carrier for the use or convenience of its own agents, and notations thereon are not admissible to vary

the terms either of the contract of shipment or the written instructions of the shipper, Datillo. See McArthur v. Payne, Agent, 201 Ky. 793, 258 S. W. 684.

Therefore the judgment is reversed for further proceedings consistent herewith.