### No. 15,747.

DENVER-CHICAGO TRUCKING COMPANY v. OYAMA ET AL., DOING BUSINESS AS MODERN FOOD PRODUCTS COMPANY.

(188 P. [2d] 442)

Decided December 8, 1947.

Mr. JOHN T. DUGAN, for plaintiff in error.

Mr. GUY K. BREWSTER, for defendants in error.

MR. JUSTICE LUXFORD delivered the opinion of the court.

THIS is a claim for damage to a shipment of ginger root caused by freezing in transit from Tampa, Florida to Denver, Colorado, via Kansas City, Missouri, in January, 1945. The parties are here in reverse order of their appearance in the trial court and we hereinafter refer to them as plaintiffs and defendant. The trial court sustained plaintiffs' motion for summary judgment. This is assigned as error.

Plaintiffs in their complaint alleged that January 22, 1945, at Tampa, Florida, Humphrey & MacGregor delivered, in good condition, 171 crates of ginger root, of which plaintiffs were the owners, to Acme Freight Lines, Inc., as the initial carrier and as a common carrier of goods for hire, for transportation and delivery to plaintiffs at Denver, Colorado, under a uniform straight bill of lading; that the freight charges were paid, and that the property was shipped via Kansas City, Missouri, to Denver, Colorado, where it was delivered by defendant to plaintiffs, on February 7, 1945, in such a frozen condition that part of it was wholly worthless, to their damage in the sum of $780.74. Defendant in its answer admitted that the property was received in good condition and delivered in a damaged condition; alleged that said damage was not caused by any fault or negligence on its part, but that it resulted from freezing weather, "without any concurring fault of defendant"; that said

property was shipped under a uniform bill of lading which provided that it was "Received, subject to classifications and tariffs in effect on the date of the issue of this bill of lading;" that the published classification and tariffs in effect did not provide for heater service; that the shipment was transported in conformity with the rules and regulations issued by the Interstate Commerce Commission and of the Motor Carrier's Act; that by reason of the inherent nature of the shipment it was frozen by the lowering of the temperature while the property was in transit.

After the aforesaid complaint and answer had been filed and interrogatories answered, plaintiffs interposed a motion for summary judgment. This motion the court granted and entered judgment for plaintiffs and against defendant in the sum of $833.43.

As above stated, defendant in its answer alleged that it was guilty of no negligence in handling plaintiffs' property in transit. "On motion for judgment upon the pleadings the allegations of the answer are taken as true." *Eppich v. Blanchard,* 58 Colo. 139, 142, 143 Pac. 1035.

The law in this jurisdiction is that, where there is no defect in the service rendered by the carrier and the damage to the goods is due to their inherent nature and qualities, the carrier is not liable. We so held in *Fort v. Denver & R. G. R. Co.,* 69 Colo. 441, 447, 195 Pac. 109, a case in which the whole question of damage by freezing of perishable freight in transit was so fully considered, that the citation of other authorities would seem unnecessary. In that case potatoes were shipped from Del Norte, Colorado to Waco, Texas, in the month of November, 1915, and damaged by freezing in transit. It was an interstate shipment and moved under uniform bill of lading contract subject to the classifications, rules and regulations of the Interstate Commerce Commission. Plaintiff alleged that the carrier was liable for the resulting damage because of its failure to protect the

potatoes from freezing by furnishing heater service. Defendant admitted that no such service was rendered and alleged that it was not liable by reason of its failure to furnish the same, and that there was no negligence on its part in handling the property. The court sustained defendant's motion for judgment on the pleadings. In affirming the judgment we said: "It is the rule of the common law that a carrier is not liable for losses or injuries resulting from the inherent nature of the goods, which would not have been prevented by the exercise of ordinary care upon its part, or for loss or injury to goods caused by an inherent defect in the goods themselves, the existence of which was unknown both to the shipper and the carrier. Under this rule it has been held that the freezing of potatoes by a carrier will be held to be caused by the nature of the property, so as to exempt him from liability, provided he has been guilty of no previous negligence or misconduct which can be considered the proximate cause of injury. Moore on Carriers, 2nd Ed., Vol. 1, page 336. * * * 'The car went through expeditiously and on schedule time. The damage resulted not from delay nor from any act or omission of the defendant, but from the operation of a cause beyond the control of either party.' * * * In *Swetland v. Railroad*, 102 Mass. 276, the question was as to the negligence of the carrier in failing to furnish heat or otherwise prevent freezing. The court stated that there was no evidence of negligent delay, and continued: 'Nor is it contended that they expressly agreed to do anything to prevent the apples from freezing. At that season of the year (December 7) such property would be exposed to some risk of freezing if there should be a change of weather and any unusual detention of the train. But it is not contended that this was the risk of the carrier if he was guilty of no negligence.' * * * In *Schwartz & Co. v. Erie R. R. Co.*, 128 Ky. 22, 15 L.R.A. (N.S.) 801, 106 S.W. 1188, the court said: 'Where the injury to the goods is due to their own inherent nature and from natural

causes, such as freezing, without fault on the part of the carrier, he is not responsible'." It is urged by able counsel, however, that the Fort case is to be distinguished from the case at bar in that failure to furnish heat was there alleged as the negligence, whereas here, the negligence claimed is failure to protect from freezing. Whatever the difference, if any, between the two contentions, the Fort case covers both, and we therein clearly held the defendant carrier not liable under either.

The judgment is reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.