CHIEF JUSTICE LINDSAY
delivered the opinion op the court.
Certain of the creditors of R. M. Robinson, deceased, are seeking to reach a fund held by his widow, Mrs. M. P. Robinson, on the alleged ground that it is made up of the claims allowed and paid to their debtor by the government of the United States in the year 1868, the proceeds of which, as they charge, were fraudulently invested for the benefit of the appellee. The two claims so allowed and paid aggregated, after the payment of costs and attorney’s fees, about the sum of $7,800.
To make out their ground for relief, it is necessary that the appellants shall trace the moneys paid to Robinson by the treasurer of the United States into certain government bonds held for Mrs. Robinson by the president of the Panama Railroad Company, which were ultimately sold and the proceeds deposited to her credit in the Marine Bank of New York. To do this they attempted to follow one of the drafts issued by the treasurer through the Metropolitan Bank of "Washington, the Bank of Commerce, New York, and the banking-house of J. Cooke & Co., by which the government bonds were purchased.
It is proved by the assistant teller of the Metropolitan Bank that its records show that a draft drawn by the assistant treasurer.on the 8th of February, 1868, for the sum of $7,420, was on that day deposited to the credit of Chipman, Hosmer & Co., who were the attorneys of R. M. Robinson, and that on the same day that bank drew a draft on the Bank *293 of Commerce in favor of said attorneys for $6,678, and he professes to recollect that this draft was intended to satisfy in part the one deposited. This witness also examined a draft now in the treasurer’s office, drawn in favor of R. M. Robinson for the sum of $7,420, and gave it as his opinion that said draft had passed through his bank. The assistant cashier of the Bank of Commerce testifies that the records of their bank show the payment of the $6,678 draft, and also the fact that the proceeds were placed to the credit of J. Cooke & Co.
An attorney who had access to the books of J. Cooke & Co. proves that they show that the proceeds of said draft were invested in United States bonds; and there is other evidence tending to show that these bonds were delivered to the president of the Panama Railroad Company.
Certain other bonds, amounting to $1,100, were afterward purchased by Chipman, Hosmer & Co. and deposited with the president of said company, but there is no- proof in the record showing that they were purchased with the funds of R. M. Robinson.
It will be observed that neither one of the three witnesses testifying to the contents of the books of the then banks pretends to give copies of the entries. They content themselves with giving the results of their investigations, and stating their conclusions as to what these books show. The assistant cashier of the Metropolitan Bank does not say that he transacted the business or made the entries in the books of his bank, and the cashier of the Bank of Commerce and the attorney having access to the books of J. Cooke & Co. make it plain that they know nothing personally concerning the transactions about which they speak; and no reason is given by either one of these three witnesses why the officers who made the entries were not called -on to testify. All this evidence was objected to by appellee. Her exceptions were overruled ; and if the court below erred in this ruling, the judgment *294 must be affirmed, although it may have been erroneously made to rest on a different ground.
These banks were not the agents of Mrs. Robinson. The theory of the appellants is that the business was transacted through them by the attorneys of her husband, and that the alleged fraudulent gift consisted in the deposit of the government bonds in the name of the appellee. The entries in the books of the three banking-houses were therefore the acts of disinterested third persons. Such entries must be proved by the persons making them, unless they have died or absconded, and then the entries themselves must be proved when the books can not be produced to the court, and it is not sufficient to prove, as was done in this case, the mere conclusions of the witnesses to their substance and effect. The contents of the books of third persons, and especially of bank-books, which have been regularly kept, are, when properly proved, admitted as evidence as matter of necessity. They have an established character as evidence, and may be used in case of the death or absconding of the person by whom they were kept. (Bunker v. Shed, 8 Met. 150; Bowker v. Hoyt, 18 Pick. 555.) But the entry itself, or an exact copy thereof, must be presented to the court, and, with the exceptions just named, the witness must identify it as having been made by himself; and though he need not recollect the specific transaction, he must be able to state that he would not have made the entry if the transaction had not taken place. When he can do this he is, in some respects, in the attitude of an attesting witness to a written instrument. “He recognizes his handwriting; he knows he put it there; he testifies that he believes he would not have put it there if he had not seen the instrument executed; but he has no present recollection of the fact, other' than that derived from the recognition of his handwriting. (18 Pick., page 561.)
In the case under consideration, as we have already seen, *295 we Have neither the original entries nor copies of them before us. We have not the testimony of the parties who kept the books to verify their accuracy, and no reason is assigned why these parties have not been called.
We think it clear the court below should have sustained the exceptions to all this testimony. This being done, the chain of circumstances on which appellants rely is broken, and the bonds held for Mrs. Robinson by the officers of the Panama Railroad Company, and finally sold for her benefit, are not proved to be in any way connected with the sums of money paid to her husband or his agents' by the treasury department of the United States.
This conclusion obviates the necessity for an inquiry into the remaining questions presented in the argument of counsel, and requires the affirmance of the judgment appealed from.