CASE 10—ORDINARY—1883.

# Town of Eminence v. Grasser's ex'r.

APPEAL FROM HENRY CIRCUIT COURT.

1. In addition to the recitals contained in the bonds sued upon, appellant gave other representations of their validity by levying and collecting taxes, and paying thereby nearly three fourths of all the bonds for the benefit of the Cumberland and Ohio Railroad.
2. These acts constitute an estoppel against appellants.
3. Appellant will not be permitted to deny the official character of its own officers, who acted as such in the performance of the duties necessary to execute the conditions precedent to the issual of the bonds.
4. A change in the route of the railroad, or a failure to build the road, gives no exemption from payment of the bonds issued by appellant.

ALFORD & SMITH AND McKEE & FINNELL FOR APPELLANTS.

1. The bonds contain no recitals of the power by which they were issued, or that there had been a compliance with the power that authorized their execution.
2. Municipal bonds which contain no recitals are not unimpeachable in the hands of *bona fide* holders for value.
3. Such bonds are not commercial paper.
4. In such case the purchaser is bound, at his peril, to know that there existed legislative authority for their issual, and that all conditions

precedent to their issue had been performed. The opinion of Judge Gresham, of Indiana, in the case of Hooper v. the Town of Covington, is relied upon as authority.

HARWOOD, CARROLL & BARBOUR FOR APPELLEES.
  No brief.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The charter of the Cumberland and Ohio Railroad Company authorized counties, towns, and districts to subscribe to its capital stock in pursuance of a popular vote.

The town of Eminence, in exercise of the authority thus conferred, subscribed, in obedience to a majority of the popular vote of its tax-payers, the sum of $25,000 to the capital stock of the company, and the chairman and board of trustees issued negotiable bonds of the town therefor, payable within five years to the bearer, reciting on the face of the bonds that they were for the Cumberland and Ohio Railroad, and to secure their payment the property and credit of the town of Eminence are pledged.

The bonds were delivered to the railroad company, and thereafter the appellee's testator became the *bona fide* owner of four of them, before they became due, for valuable consideration, without notice of any defects or irregularities in the mode of holding the election or exercising the powers conferred upon the town of Eminence by said charter.

The town of Eminence levied taxes on its tax-payers, and paid $18,000 of the subscription and the interest on the appellee's bonds up to October 1, 1878, but refusing to make further provision for the payment of the remainder of the appellee's bonds, this action was brought to enforce the performance of that duty.

The appellant demurred to the petition, and, without waiving the demurrer, filed an answer, relying on various irregu-

larities in the application for a submission of the proposition
to subscribe to the tax-payers, in the advertisement, and time
of holding the election, and questioning the capacity of the
officers who held it and signed the bonds.

To the answer the appellee demurred; the demurrer was
sustained, appellant's demurrer overruled, and, failing to
plead further, judgment was rendered against appellant,
whose appeal raises the question whether the recitals of the
bonds, and the facts stated above, estop it from pleading
the irregularities set forth in the answer.

It is not necessary to carry the doctrine of municipal
decision to the extent it was pressed by the supreme court
of the United States in Knox County v. Aspinwall, 21
How., 539, in order to decide this case, which presents
very strong equitable features against the appellant's pres-
ent position.

Indeed, many of the state courts, and several of the jus-
tices of the supreme court, doubt and oppose the doctrine
of that case, and we concur in that opposition.

In the present case one of the officers, whose duty it was
to superintend the election, signed the bonds, and they pre-
sent upon their face to the innocent purchaser a statement
which, if he believed, would cause him to understand that
those in authority as officers of the town of Eminence had
decided that the bonds had been issued according to law; for
those officers expressly told all who might read and wished
to buy the bonds, that they were issued for the railroad
company, whose charter clearly authorized their issuance,
and that the property and credit of the town of Eminence
were pledged for their payment, which meant, if it meant
anything, that the preliminary proceedings, provable *in pais*,
were regularly taken before the bonds were issued.

The terms of the bonds go far to mislead, if they were not intended to convey the ideas suggested, those who wished to buy them into the belief that a decision had been made by the municipal authorities, to the effect that all precedent conditions had been complied with to authorize their act in issuing and putting upon the market these bonds, which are negotiable, and were intended to be sold as such to the commercial world. Good faith demanded of the tax-payers and officials of Eminence, who were the agents of the tax-payers and acting for them, that they should have suggested the defects of proceedings, if any existed, instead of using language in the face of the bonds which implied that no such defects existed, and that a municipal decision of those matters had been rendered, and the bonds therefore issued and placed upon the market, and, as we understand the doctrine of equitable estoppel, if not conclusively established by the form and terms of the bonds, they go far to make out the plea in this case, in which the question of *power* to issue is not involved, the power to subscribe stock and issue bonds therefor of the character involved being unquestioned and unquestionable.

The sole question here is, whether the *mode* of performing the conditions precedent was wrong in form or execution, it not being shown that the power did not exist, but that it was irregularly exercised. So the grave objections to the current of authority in the supreme court on this subject do not arise upon this record.

In addition to the recital contained in the bonds, the town of Eminence gave additional representations of their validity by levying and collecting taxes, and paying therewith nearly three fourths of the principal of all the bonds, and several years' interest on the remainder, thereby inducing innocent

persons to buy them and part with their money for them. These subsequent acts of the appellant are of the very essence of facts which constitute an equitable estoppel against persons who mislead others into a detrimental change of condition, and when considered with the form and recital of the bonds, they are conclusive against the appellant.

It is not necessary, therefore, to examine into the irregularities relied on, but it is proper and sufficient to say that neither the original nor amended charter required the application to be signed by the president *and ten* tax-payers where *towns* should be petitioned to vote on a proposition to subscribe; that the appellant cannot be permitted to deny the official character of its own officers, who acted and claimed to act as such in the performance of the duties necessary to execute the conditions precedent to the issuance of the bonds. They were *de facto* officers, and their acts are binding so far as innocent third parties are affected; and that the alleged change of route subsequent to the issuance of the bonds, and failure to build the road according to the original plan or purpose of its projectors, do not furnish any ground of exemption from the payment by the appellant of its bonds purchased and held by innocent persons without notice. (101 U. S., p. 196; 2 Met., p. 60.)

Wherefore the judgment is affirmed.