## Powell v. Commonwealth.

(Decided September 24, 1912.)

Appeal from Estill Circuit Court.

Evidence—Books of Account in Criminal Cases.—In a prosecution for having the possession of liquor for sale in local option territory, it is competent for the Commonwealth to show by the books and records of an express company or other common carrier the quantity of liquor delivered to the accused and the date of its delivery; but, it is essential that the entries on the books or records should be proven by the testimony of the agent, clerk or servant of the express company or common carrier who delivered the goods and made the entries, unless the person who made the entries is dead or beyond the jurisdiction of the court or for other good reasons his evidence cannot be procured.

KELLY KASH for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant Powell was indicted for having in his possession liquor for sale in local option territory. Having been convicted under this indictment, he asks a reversal of the judgment upon the ground that there was no competent evidence offered by the Commonwealth to sustain the finding of the jury that he was guilty.

The only witness who testified in the case was the agent of the Adams Express Company, at Irvine, Ky., who testified as follows:

"I was the agent of the Adams Express Company at Irvine, Ky., for the period covering the time from January 1, 1911, to May 1, 1911. I have before me the records of the Adams Express Company at Irvine, showing shipments of liquor delivered to Bert Powell between those dates. I was in charge of these records at this time, and they were in my custody, but the records of the delivery of the whiskey were not made by me, but were made by Pleas. Lilly, who was working under me for the express company. No one had charge of these books except myself and the employes of the company, and the entries on the books were intended to be correct. These records show the delivery of whiskey to defendant on the following dates, and amounts: January 6, 10, 16, 23, 28, 1912, one gallon on each of these dates. February 2, 9, 13, 20, 22, 1911, one gallon on each day named; March 2, 8, 11, 14, 24, 27, 31, one gallon on each date named; April 3, 10, 21, 24, 1912, one gallon on each date named; making a total of 22 gallons. I did not deliver any of this whiskey to Bert Powell myself, nor did I see it delivered to him; nor do I know that he had any whiskey in his possession for the purpose of selling same, nor do I know that he sold any."

The objection to this evidence is that the agent was not competent to testify to the entries in the books of the company, which were made by a clerk in the office, in the absence of evidence showing that the clerk who made the entries could not be secured as a witness.

In Poore v. Robinson, 13 Bush, 294, this court in discussing the competency of book entries as evidence, said:

"Such entries must be proved by the persons making them, unless they have died or absconded, and then the entries themselves must be proved when the books cannot be produced to the court, and it is not sufficient to prove,

as was done in this case, the mere conclusions of the witnesses to their substance and effect. The contents of the books of third persons, and especially of bank books which have been regularly kept, are when properly proved, admitted as evidence as matter of necessity. They have an established character as evidence and may be used in case of the death or absconding of the person by whom they were kept. But the entry itself or an exact copy thereof must be presented to the court, and with the exception just named, the witness must identify it as having been made by himself, and though he need not recollect the specific transaction, he must be able to state that he would not have made the entry if the transaction had not taken place. * * * In the case under consideration, as we have already seen, we have neither the original entries nor copies of them before us. We haven't the testimony of the parties who kept the books to verify their accuracy, and no reason is assigned why these parties have not been called."

The rule laid down in this case is in full accord with the doctrine announced by practically all the courts that have considered the question. Greenleaf on Evidence, vol. 1, sec. 120. Applying this principle of law to the facts of this case, we do not think the evidence was sufficient to authorize the submission of the case to the jury. In a prosecution for having the possession of liquor for sale in local option territory, it is competent for the Commonwealth to show by the books and records of an express company or other common carrier the quantity of liquor delivered to the accused, and the date of its delivery. But, before the books or records showing the fact of the delivery will be competent as evidence, it is essential that the entries in the books or records showing the fact of delivery should be proven by the testimony of the agent or clerk or servant of the express company or other common carrier, who made the entries offered as evidence, unless the person who made the entries is dead or beyond the jurisdiction of the court, or for other good reason, it is not practicable to secure his testimony. If the evidence of the person making the entries cannot for either of these reasons be obtained, then it is competent to introduce the books or records and prove by the person in charge of them that they were made in the ordinary course of business, contemporaneously with its transaction, by an authorized agent

or servant of the express company or other carrier. But, unless the absence of the person who made the entry is accounted for in the manner indicated, neither the books nor the entries are competent evidence to show the delivery of the liquor.

We are also of the opinion that when it can be shown in the manner described by the books or records of the express company or other carrier that the liquor was delivered to the accused, a conviction may be had upon this evidence alone, if the books or records show the delivery of liquor in such quantities as to justify the jury in finding that the accused had liquor for sale in prohibited territory.

But, as there was no attempt to account for the absence of the clerk who made the entries, and it was not shown that his testimony could not be secured, the books were not competent evidence; and, there being no other testimony to show the guilt of the accused, the judgment is reversed with directions for a new trial in conformity with this opinion.