## Baskett, Nichols and Norment v. Rudy.

(Decided December 12, 1919.)

### Appeal from Henderson Circuit Court.

1. Husband and Wife—Guaranty and Suretyship.—When a married woman signs a note as the surety of her husband, although there is nothing upon the face of the note, to indicate, that she is other than a joint principal, she may prove the facts by any competent evidence in support of her plea, that she is only a surety.

2. Husband and Wife—Guaranty and Suretyship.—If a married woman and her husband jointly execute a promissory note, and she receives the consideration for the execution of the note, it will be held to be her obligation.

3. Evidence—Entries in Books of Bank.—The books of a bank, which are kept in the ordinary course of its business, are competent evidence of their contents, between a party with whom the bank has done business and a third party when the books or records are properly proved. The party who made the entries upon the books, must be called as a witness, unless he is dead, or has absconded, or there is some other sufficient reason, which would

render his calling as a witness, impractical, and the entries must be proved by him. The books or an exact copy of the entries must be produced in evidence. If the person, who made the entries is dead or has absconded or there is some other good reason, which will prevent his being called as a witness, the books may be read as evidence of their contents, after proof has been made by the person in charge of them, that the entries were made contemporaneously with the transactions, in the ordinary course of business, by a person, authorized to make them.

4.   Husband and Wife—Competency of Husband as Witness.—In an action, which might be brought by or against a married woman, as though she was unmarried, her husband is a competent witness for her, but, he can not testify to anything, which the wife would be incompetent to testify concerning, under section 606, subsection 2, Civil Code.

VANCE & HEILBRONNER for appellants.

JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

Jesse M. Baskett died in the month of August, 1915. The Ohio Valley Banking and Trust Company qualified as his administrator with the will annexed, and instituted an action in the circuit court against his widow and his creditors, for the settlement of his estate as an insolvent one. A few months previous to the death of the decedent, he, and his wife, Rebecca G. Baskett, executed their joint promissory note to the Fidelity Mutual Life Insurance Company, of Pennsylvania, for the sum of $7,000.00, and to secure its payment, executed a mortgage to the insurance company, upon two tracts of land, which were the property of Jessie M. Baskett, and four tracts of land, which were the property of Rebecca G. Baskett. The note, as well as the mortgage, was subscribed by each of them, the husband's name being first subscribed, and then underneath it, the wife. In the action, to settle the estate of the husband, the insurance company, having been made a party, defendant, filed its answer, which it made a counterclaim against the administrator, and a cross-petition against Rebecca G. Baskett and the other defendants in the action, and sought a judgment against the administrator for the amount of its debt, and the enforcement of its lien upon the two tracts of land, embraced in the mortgage, which were the property of the decedent, but did not seek a judgment against Rebecca

G. Baskett, upon the note nor an enforcement of the
mortgage lien upon the four tracts of land, which were
owned by her. The insurance company stated, in its an-
swer and cross-petition, that decedent was the principal
obligor in the note, and Rebecca G. Baskett, his wife, was
a surety. A judgment was obtained against the admin-
istrator, and the lien of the mortgage was enforced
against the lands, which were owned by decedent, and
the sale of same resulted in producing a sum, which was
more than sufficient to satisfy the judgment. The appel-
lants, Lee Baskett, R. W. Nichols, and J. B. Norment,
were, each, sureties of the decedent, Jessie M. Baskett, in
promissory notes, which he was owing at the time of
his death, and were compelled to pay same. They filed,
in the action for the settlement of the estate of the de-
cedent, an intervening petition, as we presume, in which
they alleged the indebtedness of the estate to each of
them respectively, and the manner of the creation of the
indebtedness to each of them, and, further, alleged, that
the remaining assets, were not sufficient to pay more
than ten per centum of their claim, and that the debt, of
the decedent and Rebecca G. Baskett to the Fidelity
Mutual Life Insurance Company, was a joint obligation,
which obligated Rebecca G. Baskett to pay one-half of it,
but, that the estate of Jessie M. Baskett had been re-
quired to, and had paid the entire debt, and prayed, that
they be subrogated to the lien, which the insurance com-
pany had upon the lands of Rebecca G. Baskett, and that
a sufficiency of her lands be sold to realize a sum equal to
one-half of that debt, and that same be applied to the sat-
isfaction of their debts and the debts of other general
creditors. The petition of appellants was filed on Jan-
uary 26, 1917. On February 23, 1917, Rebecca G. Baskett
filed an answer in which she denied liability on the note
to the insurance company, upon the ground, that, at the
time, she subscribed her name to the note and executed
the mortgage, she was a married woman, and the wife
of Jesse M. Baskett, who was the principal and real
obligor in the note, and that she was only a surety
therein, and that she did not receive any part of the pro-
ceeds of the note, which was given by her husband to the
insurance company, for a loan for his sole benefit, and
that the loan was made to the husband, and that her ex-
ecution of the mortgage upon her land, was only to se-

cure the payment of her husband's debt, and that same was done at his solicitation and with the knowledge of the obligee, that she was only a surety. In a very few days after the filing of her answer, Rebecca G. Baskett died, testate, and thereafter, on June 8th, the action was revived in the name of the administrator of Rebecca G. Baskett and, on the 26th day of September, thereafter, the appellee, Nannie G. Rudy, who is the sole devisee under the will of Rebecca G. Baskett, entered her appearance, and filed an answer, adopting the denials and averments of the answer of her devisor as her answer to the petition of appellants. The appellants did not reply to the answer of appellee, until the 19th day of January, 1918, when they denied its affirmative allegations. The appellee, after the filing of her answer, took the deposition of several witnesses in an endeavor to prove, that Rebecca G. Baskett was only a surety in the note, and not a principal, and that she received no part of the loan, for which the note was given, nor was the same executed for her benefit, and in February, 1918, the exact time the record does not disclose, but previous to the 14th day of that month, the action was submitted for trial and the court took the decision under advisement, but, on the 14th day of February, 1918, the appellees entered a motion to set aside the submission of the case, and to continue it, and, as a ground upon which to base the motion, she filed her affidavit, in which she stated her desire to take the depositions of certain witnesses whom she had discovered upon the previous day. On the 2nd day of March, following, the motion, of appellee, to set aside the submission and to continue the case, was overruled, and the appellants' petition was then dismissed. From the judgment, dismissing their petition, the appellants have appealed. The appellee excepted to the judgment of the court overruling her motion to set aside the submission and for continuance, and from that order, she has prayed a cross-appeal.

(a) In support of their contention, that Rebecca G. Baskett was a principal with her husband in the execution of the note and mortgage, and they were executed and the money obtained for their joint benefit, the appellants rely, solely, upon the fact, that there is an entire absence of anything in either the note or mortgage to indicate, that she was a surety. Such state of facts ap-

pearing the burden of proving, that Rebecca G. Baskett was only a surety, and that the note was not executed for her benefit, is cast upon the appellee, as under the provisions of section 2128, of the Kentucky Statutes, a married woman has power to make contracts except in regard to the sale or encumbrance of her real estate and to bind her property as though she were unmarried, and when she receives the money, obtained upon a note, executed jointly by her and her husband, she is liable therefor, as a principal, because it is a contract for her benefit, and in reality, constitutes her contract, and for her own contracts, her property may be subjected. However, section 2127 of the Kentucky Statutes, prevents the wife's property from being subjected to the payment of any person's debts other than her own, and saves her from liability as a surety for any person, unless her estate shall have been set apart for that purpose by deed of mortgage, or other conveyance. Third National Bank v. Tierney, 128 Ky. 845; Swearingen v. Tyler, 132 Ky. 465; Hart v. Bank of Russellville, 127 Ky. 424; Thomas v. Boston Banking Company, 157 Ky. 473. A surety, may, however, show by parol or other competent and relevant evidence, the true state of facts and that he is only a surety, although the writing, executed by him, appears to be a joint and several obligation, and does not show upon its face, that he is other than a principal; and a married woman, who subscribes a promissory note in the attempt to become a surety of her husband, may show that fact and be released from liability, although, upon the face of the note, there is nothing to indicate that she is other than a joint principal in the note, and this can be done by any competent evidence, which shows the true state of facts, and that the note was not executed for her benefit, but, that of her husband, and that she did not receive the proceeds of the loan or the consideration for the execution of the note. Emmons v. Overton, 18 B. M. 648; Lewis v. Harlan, 5 B. M. 564; Skinner v. Lynn, 21 K. L. R. 185; Black v. McCarley's Exor., 31 K. L. R. 1198; Crumbaugh v. Postell, 30 K. L. R. 1366; Postell v. Crumbaugh, 23 K. L. R. 2193; Deposit Bank of Carlisle v. Stitt, 21 K. L. R. 670; Milburn v. Jackson, 21 K. L. R. 700; Hall v. Hall, 26 K. L. R. 553; Planters' Bank v. Major, 25 R. 702.

(b) The appellants contend, that the evidence in the case, is insufficient to support the judgment of the chancellor in dismissing their petition, and that the burden being upon the appellee there was no competent nor sufficient evidence offered to prove the facts necessary to a successful defense by the appellee. The contention of the defense, among other things, is, that Jessie M. Baskett owed a debt, which amounted to $6,500.00, to a bank, and that the greater portion of the loan, obtained from the insurance company, was applied, by him, to the payment of that debt. The assistant cashier of the bank, was offered as a witness, in an endeavor to prove from the records kept by the bank, that the debt of $6,500.00 was the individual debt of Jesse M. Baskett, and that he paid same near the time of the loan by the insurance company. This witness was asked to, and did file, with his deposition what purported to be a copy of the account, which the records of the bank showed to be the transactions, between it and Jesse M. Baskett from, in the early part of the year, 1906, until about the time of the loan by the insurance company, when the note, sued on, was given and the mortgage executed. The witness did not indicate, if he knew, who made the original entries, which were made upon the records of the bank, nor did he show, that all of the record was made even while he was a servant of the bank, nor did he prove the correctness of the entries in any way or that they were made in the regular and ordinary course of the business of the bank. The entire testimony of the witness was objected to by appellants, including the copy of the account, filed with his deposition. The witness did not pretend to have any personal knowledge of the transactions aside from the record, except a very vague and insufficient knowledge, which proved nothing. It is clear, that the statements of the witness relative to what the account which the bank kept with Baskett showed, was not competent, nor was the copy of the account, which was filed. It should not be overlooked, that the books of the bank were records, kept by a third and disinterested party. Such books are competent evidence of the facts, shown on them when they have been first properly proven. To prove them so as to make them competent evidence of the truth of their contents, the person, who made the entries, must be offered

as a witness, and the entries proven by him, if he is not dead, or has not absconded, or other sufficient reason does not exist showing it is not practical to obtain his testimony. There is not a failure, by the witness, to prove an entry made by him when he is unable to remember the specific transaction, if he is able to state, that the entry was made in the regular. course of the business of the bank, and that he would not have made the entry, if the transaction had not occurred. The entries, or exact copies of them must be produced, and it must not be left to the witness to state his conclusions as to what they show in the absence of their production. The books are not competent evidence of their contents in any event, until the absence of the person, who made the entries, is satisfactorily accounted for upon one or more of the grounds, above stated. When the person, who made the entries, can not be had as a witness, because of his death, or because he has absconded, or because of some other sufficient reason, which makes the obtention of his testimony impracticable, the books or records may still be made competent evidence, when it is proven, by the person, who has charge of them that they were made contemporaneously with the transactions shown in them, in the ordinary course of business, by a person authorized to make them. When this evidence has been offered, the books or records may then be received in evidence as proof of their contents. Poor v. Robinson, 13 Bush 290; Powell v. Commonwealth, 149 Ky. 416; Greenleaf on Evidence, vol. 1, sec. 120; Givens v. Pearson's Admr., 167 Ky. 574; Louisville Banking Co. v. Asher, etc., 112 Ky. 138.

(c) The contention, that the husband of appellant was not a competent witness at all for his wife in this action, is not sound. Section 606, subsection 1, Civil Code, provides certain instances in which the husband may testify for his wife, such as where the wife is the party beneficially interested in an action, which might have been brought by, or against her, if she had been unmarried, and in a state of case of this character, the wife may elect to call her husband as a witness for her, but if she does so, she can not testify herself. The instant action is one, which could be prosecuted against the appellee, if she was unmarried, and the fact of her marriage has no effect upon the right to maintain the action

Baskett, Nichols & Norment v. Rudy.      215

against her. She has a right in such an action to offer her husband as a witness and he will be a competent witness to testify to any fact, which the appellee herself, can testify concerning, if it was within her knowledge. Wise v. Foote, 81 Ky. 10; Booth v. Vanarsdale, 9 Bush 717; L. & N. R. R. Co. v. Hall, 143 Ky. 497; Howard v. Tenney, 81 Ky. 52; Glover v. Suter, 18 K. L. R. 1018; Taylor, Jr. & Son v. Johnson, 30 R. 656. The appellee having elected to read the deposition of her husband, the court properly denied her the right to read her deposition, also. The exception to that portion of the testimony of the husband of appellee, in which he undertook to give in evidence, the verbal statements of Jesse M. Baskett as to his intentions and purposes in borrowing the $7,000.00 in money from the insurance company and after the loan had been procured, the statement of Baskett that he had paid the debt, which he owed to the bank with the money, he obtained from the insurance company, as well as any other facts to which the husband testified and which, under the provisions of section 606, subsection 2, of the Civil Code, the appellee herself would have been incompetent to have testified concerning, should have been sustained. Under section 606, subsection 2, *supra,* the appellee would have been incompetent as a witness in her own behalf to testify concerning any verbal statements, or of any transaction, or any act done, or omitted to be done by the decedent, Jesse M. Baskett, and her husband, would, likewise, be incompetent to testify concerning any such things. While in the instant case, the husband is a competent witness for the wife, he is not competent to testify to any statements or transactions of the decedent, which his wife would be prohibited from testifying concerning under the provisions of section 606, subsection 2, *supra.* Bright's Extrx. v. Swineboard, 106 Ky. 736; Swineboard v. Bright, 116 Ky. 519; Hollandsworth v. Barrett, 28 R. 281; Doty v. Doty, 29 R. 903.

(d)   The contention of appellants, that proof of acts and declarations of Jesse M. Baskett relevant to the issues in this action is incompetent evidence, can not be sustained. The right of appellants to subrogation to the lien of the insurance company, must be secured under and through the right, which the estate of the deceased, Jesse M. Baskett, had to be subrogated to the

lien of the insurance company, on account of having discharged the entire debt to it, if the estate has any such right. It is clear, that the appellants can have no greater right, than Jesse M. Baskett, if he were living. The appellants can not primarily be subrogated to the lien of the insurance company, because they have not paid any part of the debt to secure which the lien was created. The estate of Jesse M. Baskett, having satisfied the entire debt, if the note to the insurance company was, to any extent, the debt of Rebecca G. Baskett, it would be entitled to be subrogated to the lien of the creditor to secure the payment to it of the portion of the debt, which was paid for Rebecca G. Baskett. If the debt was that of Jesse M. Baskett, and his wife was a surety in the note, his personal representative nor any one claiming under him, would not have any right to subrogation, because it was his duty to have paid it, and having done so, could not possibly have any claim against one, who was simply his surety. Any one subrogated to his rights, must necessarily stand in his shoes in the nature of a privy. We assume, that his personal representative declined to institute an action for subrogation to the rights of the insurance company. Hence, the appellee may prove, by any one competent to testify concerning them, any act done, or omitted to be done by Jesse M. Baskett, which is relevant to the issues and may prove any declaration of his, which is competent and relevant, and which is admissible under the well known rule, which makes declarations against interests admissible.

(e)   Without further reciting the evidence, the facts proved, with the incompetent testimony eliminated, there is nothing to support the judgment, except certain facts, the proof of which is very vague, and not intimately enough associated with the real facts upon which the cause must be decided to justify the judgment of the chancellor. Meagerness of evidence, which leaves the mind unsatisfied, is a failure of evidence. The judgment, dismissing the petition of the appellants, must therefore, be reversed.

(f)   The motion, which the appellee made to set aside the submission of the action and to permit her to take the depositions of certain witnesses, was made only a few days after the case was submitted, and fifteen days

before it was decided, and it appears, from the affidavit of the appellee, that the witnesses, whom she deposed, that she had not discovered until the previous day, will give testimony very material to the issues to be decided and calculated to have a preponderating effect upon the result. At the time, she made this motion, the affirmative allegations of her answer upon which her defense rests, had only been controverted by the appellants for a few days, and under all the facts of the case, which are unnecessary to be detailed here, we do not think, that she was guilty of such negligence in failing to discover these witnesses at an earlier time, as to bar her right to have the benefit of their testimony. Hence, we are of the opinion, that the court erred in not sustaining her motion.

To direct a judgment in the case, as the record now stands, would be to decide against the appellee without her having an opportunity to present the facts in the case because of a ruling against her, which was an error. Hence, the cause is remanded with directions to set aside the judgment dismissing the petition with permission to the parties to make further preparations of the case, if they desire, and for proceedings not inconsistent with this opinion.