## Stringer, Jr. v. Commonwealth.

(Decided June 14, 1921.)

### Appeal from Boyle Circuit Court.

1. Indictment and Information—Duplicity.—An indictment is not duplicitous which states but one valid cause but contains averments not necessary to such a cause and which, when taken alone, do not charge another crime.
2. Larceny—Circumstantial Evidence.—Grand larceny may be proved by circumstantial evidence.
3. Criminal Law—Records—Proofs of.—A record made by an absent witness may be proven by one in charge of the office and records, and who can also state that the record was made in the regular course of business, contemporaneously with the transaction recorded and by a given employe whose handwriting he can identify.

KING SWOPE, C. C. BAGBY and J. S. OWSLEY for appellant.

CHAS. I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Nelson Stringer, Jr., was in the employ of the C. N. O. & T. P. R. R. Co. in February, 1920, as car

inspector at Danville. While he was so engaged a quantity of cigarettes were taken from a B. & O. car which had been broken open in the Danville yards in the early hours of the morning of February 23. He was indicted for the crime and by a jury found guilty and his punishment fixed at three years' confinement in the state penitentiary. Judgment being entered on the verdict, Stringer prosecutes this appeal. The facts in this case are almost identical with those proven in the case of Shuttle v. Commonwealth, 190 Ky. 176. The grounds upon which he relies for a reversal of the judgment are: (1) The indictment is bad because it states two public offenses, (2) the court erred in overruling appellant's motion for a peremptory instruction to find him not guilty, and, (3) the trial court improperly admitted evidence to the prejudice of appellant's substantial rights.

(1) The indictment does not state two public offenses, although it contains averments which serve no useful purpose in charging the crime for which Stringer was prosecuted. The indictment designates the crime committed by Stringer as "unlawfully and feloniously and forcibly breaking and entering a railroad car with intent to steal property of value therefrom." This crime is covered by section 1163, Kentucky Statutes. After stating the crime against which the statute is leveled the indictment contains the following: "And stealing property therefrom, the said property so stolen being a lot of Camel cigarettes of value and of greater value than $20.00, and said property and car being the property of and in the possession of the common carrier for transportation and not the property of the defendant," which was wholly surplusage. The surplus averments are not sufficient to constitute a valid indictment under section 1201b for taking property from a box, barrel or other package in the possession of a common carrier with the intent and purpose of appropriating the same to the use and benefit of the taker. The indictment, while prolix, is not duplicitous nor subject to demurrer though appellant might by timely motion have caused the surplus words to have been stricken therefrom. Commonwealth v. L. & N. R. R. Co., 191 Ky. 634.

It is earnestly insisted that the trial court should have sustained the appellant's motion to instruct the jury to find him not guilty. This insistence is based upon the assumed absence of evidence of a breaking and entering of the railroad car. No witness testifies that

Stringer either broke or entered the car from which the cigarettes were taken, but the evidence abundantly proves that the car was closed and sealed when it arrived in the Danville yards; that a short time thereafter the seal was broken, and the car was open and the cigarettes gone; that about daylight Stringer and another person drove an automobile loaded with Camel cigarettes, which were afterwards identified as coming from the car, to the house of Goode and left them in his coal house. Without considering the evidence of McKenzie, the accomplice, the evidence is sufficient to support the inference, deduction and belief in the minds of a jury that appellant Stringer, in whose possession the cigarettes were first found, was the one who broke and entered the railroad car, for such a crime is as susceptible of establishment by circumstantial evidence as is any other charge. The accomplice, McKenzie, testified that he saw Stringer and a companion carrying the boxes of cigarettes from a car in the railroad yards to an automobile, which was later driven away in the direction of the house of Goode. This evidence of the accomplice was sufficiently corroborated and supported by the evidence of Goode and wife to sustain a conviction under 241, Criminal Code. Especially is this true in this case where appellant Stringer does not undertake to account for the possession of the cigarettes, but contents himself with a denial that he had any connection with them. If appellant had acknowledged that he took the cigarettes to the Goode home but testified that he had innocently purchased or otherwise obtained them from another he would have been in better condition to claim there was no evidence of a breaking and entry by him, but in the absence of such a showing the jury was forced to believe either the evidence of the witness for the Commonwealth, from which the breaking and entry of the railroad car is naturally deducible, or believe the appellant, who deposed that he did not break or enter the railroad car or carry away the cigarettes. The jury was the sole judge of the credibility of the witnesses and the weight and sufficiency of the evidence under these circumstances.

The following circumstances: The B. & O. car of cigarettes arrived sealed in the Danville railroad yards where appellant worked and had access to the car; shortly after the arrival of the car and while appellant was in the yards the car was broken open and the cigarettes taken; immediately appellant appears at the home of

Goode with an automobile load of cigarettes which he left in a coal house and departed; the following night, after urgent request by Goode to remove the cigarettes from his premises, Stringer agrees to take the cigarettes away and they were taken away; no explanation by Stringer of where or how he became possessed of the cigarettes was given, but only a denial that he had any connection with them, fully warranted the jury in finding as a fact that Stringer broke and entered the B. & O. railroad car while in the possession of the common carrier with the intention of stealing property therefrom. There was no other fair or reasonable inference or deduction to be drawn from such evidence, if believed, as it was by the jury. Certainly such evidence was sufficient to carry the case to the jury.

Complaint is made by appellant that the trial court allowed a witness for the Commonwealth to testify concerning certain tallies and entries on books in the railroad offices of Kansas City, Missouri, relating to the shipment of the cigarettes involved when it is admitted the witness did not himself make the entries or tallies, but the same were made by another under the direction and supervision of such witness, without sufficiently accounting for the absence of the person who actually made the entries. If the person who made entries be dead or beyond the jurisdiction of the court, and this fact appears, the record may be proven by the one in charge of them by showing that the records were made in the ordinary course of business, contemporaneously with its transaction, by an authorized agent or servant of the person carrying on the business. It is sometimes said that such evidence is only receivable when the person who made the record is either dead or has absconded. The evidence in this case does not indicate that the person who made the tally and entry is dead nor that he has absconded in the ordinary meaning of that term, but only that said person had left the employment of the railroad company before the trial and his whereabouts was unknown to the agent of the company who had the company's records in court. The word "abscond" is too harsh and narrow a term to correctly define the person included in the exception to the rule. Undoubtedly the person in charge of the records of the office who can state · that the entry was made in the regular course of business at the time of its transaction by an employe whose handwriting he knows can testify concerning such a record

by showing either that the person is dead or is absent from the state where the trial is had or his whereabouts is unknown without showing that such person clandestinely left the state or is at the time concealing himself so as not to be served with process. When the trial court is satisfied from the evidence that the person making the entry is absent from the state or his whereabouts unknown, it should allow the one having the records in charge to testify if he can otherwise qualify. There was no apparent effort on the part of the Commonwealth to evade the rule or to avoid the introduction of the witness Schultz who had made the entry and who had testified concerning the same records in another prosecution commenced in the same court growing out of practically the same facts. The attorney for the Commonwealth agreed, at the suggestion of counsel for appellant, that the testimony of Shultz might be read as evidence in this case instead of introducing Murray, who did not make the entry but had charge of the office and records. We think that under the facts of this case the trial court properly allowed Murray, who had charge of the records and who testified that the same were made by Schultz, while in the employ of the railroad company, contemporaneously with the transaction and in the regular course of business, to introduce the records and testify concerning the same.

A careful examination of the entire record discloses no error prejudicial to the substantial rights of appellant and the judgment is affirmed.