## Stegall v. Patton.

(Decided November 1, 1929.)

WAUGH & HOWERTON for appellant.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

This is the second visit of this case to this court; the opinion rendered by us on the first one being reported in 220 Ky. 674, 295 S. W. 979, 980, in which the nature of the action as well as the facts upon which it is rested are stated. It was filed by plaintiff and appellant, Hazel Stegall, by his father as next friend, he at the time being

just past 19 years of age, against appellee and defendant, Earn Patton, to recover damages for alleged negligently inflicted injuries to plaintiff while working for defendant at the latter's sawmill in Carter county. The injuries he sustained were the loss of two fingers and serious impairment of another on his left hand, and which were produced by the revolving saw as plaintiff attempted to remove a small slab that fell from the log being sawed, and, in a manner so as to interfere with the operation of the saw unless it was removed. Because of prejudicial errors set out in the former opinion, the judgment in favor of plaintiff, of $2,250, at the first trial, was reversed, and, upon a return of the case, the pleadings were amended so as to conform to the suggestions made in the first opinion and to permit the action to proceed in the name of plaintiff, since he had then arrived at the age of 21 years. Under the instructions of the court on the second trial, the jury returned a verdict for defendant, followed by a judgment dismissing the petition, and from it plaintiff prosecutes this appeal.

The motion and grounds for a new trial contain a number of alleged errors which it is insisted entitles plaintiff to a reversal of the judgment; but in this court only three of them are discussed in brief of counsel, which, under numerous opinions of this court, entitles us to treat the others as abandoned, some of which are expressly so done because of a failure to object and except to them in the trial below, among which was certain alleged incompetent evidence introduced by plaintiff, and certain instructions given to the jury.

The three grounds argued and relied on in this court are: (1) That the verdict is flagrantly against the evidence and is not sustained by it; (2) prejudicial evidence introduced by defendant over plaintiff's objections, the nature of which will be noted below; and (3) error in giving to the jury instruction A at the instance of defendant and over plaintiff's objections and exceptions— each of which will be briefly considered and determined in the order named.

1. It is conceded by both sides that the evidence on the last trial was substantially the same as that heard upon the first one, and in our first opinion it was said, "It is exceedingly difficult to understand from the witnesses just how the injury was brought about," and which obscurity was not cleared up on the last trial. Plaintiff was what is known in sawmill parlance as an

"off bearer," there being two of them working at the mill; the name of the other one was Walter Davis; and Duke Gee was the sawyer who operated the carriage and the saw while the lumber was being manufactured. Plaintiff had been working in that capacity for at least six weeks, and at noon on the day he sustained his injuries, which was March 25, 1925, a slightly larger saw was substituted for the previous smaller one because larger logs were to be sawed that afternoon; the difference in the size of the two saws being about two inches in diameter. While sawing a log, a small piece of timber, described by some of the witnesses as a "splinter" and by others as a "small slab," fell from the log and in such a position as to interfere with the running of the saw, unless removed. The size of the timber as described by plaintiff was "18 inches long and run off in a sharp point; big at one end, it fell down and got lodged and Duke Gee hollered at me to get it out there."

In describing how the injury happened, plaintiff said: "When the little piece fell down and he hollered for me to get it out of there, the saw reached out farther than the little one did, I didn't know it reached out that far, he didn't back the saw off of the log and I couldn't see it; I could see the bottom part but not where the slab was. He holloed for me to get it out, as I reached in to get it out I seen the saw caught hold of the piece and jerked my hand in the saw."

Other witnesses described the loosened piece of timber as being about 30 inches wide and several feet long, so that the evidence is still confusing as to even the size of the detached piece of timber. It is likewise confused as to whether any part of the saw, including its teeth, was exposed to view, or whether all that part of the saw above the platform, including its teeth, was buried in the log because of the radius of the saw not being long enough to reach to the top of the log. At any rate, the evidence discloses that the carriage was stopped by Gee, the sawyer, but the revolutions of the saw were not, and it is claimed in the pleading as amended that Gee negligently failed to stop the running of the saw, and that he directed plaintiff to remove the piece of timber without warning him of the danger, and that such failure and acts on his part constituted negligence per se, and that the verdict is flagrantly against the evidence. But that argument is not supported by any applicable or analogous precedents, and it is unconvincing. The testimony

without contradiction shows that the attempted removal of the piece of timber by plaintiff was not only a simple one, but that it was done in the usual, ordinary, and customary manner generally employed in that character of work. There is nothing to show that plaintiff did not possess the ordinary intelligence of one of his age, and his six weeks' experience necessarily acquainted him with such operations and the danger, if any, incident thereto, and which is confirmed by his own testimony when he said: "It was all dangerous work."

Actionable negligence in this character of case consists in the failure to exercise ordinary care, and which latter is defined (as the court did in its instructions in this case), as such care as an ordinarily prudent person would exercise under the same or similar circumstances. An extraordinarily careful person would, perhaps, have stopped the saw in this case, but under the proof heard that could not be done at once, or instantly, and the uncontradicted testimony shows that it was not regularly done in such a case either at plaintiff's mill or any other one. In other words, the proof heard was sufficient to authorize the jury to conclude that defendant's servant did what an ordinarily prudent person would have done under the same circumstances, and was therefore not guilty of negligence. We therefore conclude that ground 1 is without merit.

2. The foundation for ground 2 came about this way: Plaintiff was introduced in rebuttal, and while cross-examined defendant's counsel asked him if he had not made certain statements relating to how he sustained his injuries, and in which he blamed himself alone, and therein stated, in substance, that his father forced him to file the action, and which he would not have done without being so influenced. The witnesses before whom those statements were alleged to have been made were later introduced and confirmed them, they having been denied by plaintiff, and the court admonished the jury that they could only be received in contradiction of plaintiff if the jury believed it did so. At least the admonition was more than plaintiff was entitled to, since the law does not confine the force or effect of such admissions made by a party litigant to only a mere contradiction of him, but regards them as substantive evidence to prove or disprove the fact at issue. So that the question as here presented is the same as if such statements had attempted to be proven after defendant closed its evidence in chief

and without asking him concerning them. If such a course had been pursued and the litigant against whom it was directed had manifested in any manner a legitimate surprise disarming him of the opportunity to meet it, a different question would be presented. But nothing of the kind appears in this record, nor is there anything in it that remotely points to any intrusion upon plaintiff's rights on account of the complained of testimony being introduced in rebuttal instead of in chief. In such cases we have likewise frequently held that a reversal would not be ordered therefor, and this ground must also be denied.

3. Instruction A, given by the court at the instance of defendant, was possibly erroneous if the record was in such a condition as to entitle plaintiff to complain of it. In substance, it told the jury that plaintiff's father was entitled to his services until he arrived at the age of 21 years, and that no verdict could be rendered by it for any permanent impairment of plaintiff's power to earn money, or for a loss of time during the remaining period of his infancy, and which in the abstract embodied a correct legal principle. But in the very recent case of City of Pineville v. Lawson, 225 Ky. 542, p. 554, 9 S. W. (2d) 517, many cases are collected in which we held that a parent, while entitled to the services of his or her infant child until it becomes 21 years of age, may waive that right in behalf of the child, and that such waiver is made when the suit is brought by the parent for the benefit of the child. So that, we repeat, instruction A was no doubt improper; but the jury in this case found by its verdict that neither the parent nor the child was entitled in law to recover anything—in other words, that the defendant was not guilty of any actionable negligence—and we have frequently held that under such conditions an error materially affecting another distinct question in the case would not authorize a reversal when the finding of the jury, or the court, was to the effect that in no event was the litigant entitled to relief, and which proposition is so clearly sustained in logic and reason as to admit of no dispute, and hence we will not incumber this opinion with a citation of our prior opinions so holding.

Finding no error prejudicial to the substantial rights of the plaintiff, the judgment is affirmed.