## Terrell v. J. S. Poer Paint & Glass Company.

(Decided May 31, 1932.)

312

HELENA B. MAIDEN CRAIG for appellant.

TOWNSEND & PARK for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Mrs. Maria H. Terrell sued the J. S. Poer Paint & Glass Company, and one of its employees, to reduce the amount of a charge against her property. The company filed a counterclaim seeking to enforce a statutory lien for the full amount of the claim. The circuit court granted the relief sought by the company, and Mrs. Terrell has prosecuted an appeal.

As correctly stated by counsel for appellant, "the record presents but one question and that is the sufficiency of the evidence" introduced by the appellee to sustain the judgment rendered. The issue may be still further reduced, since the record evidence of the account in question was undoubtedly sufficient to sustain the judgment. The essential contention of the appellant is that the record evidence was not competent and did not constitute any proof because the clerks and bookkeepers that made the records obtained the information upon which the charges were based from workmen who were not offered as witnesses. For this reason it is insisted that the evidence offered by the company was mere hearsay and incompetent.

A statement of account was exhibited with the company's pleading. It showed charges for material and labor amounting to $231.41, and credits aggregating $26.50, leaving a balance of $204.91 due on the account. There was exhibited also a detailed statement showing dates and items of each piece of material and each hour of labor. Mrs. Terrell testified that she kept an account of the time and material expended in carrying out the contract with her, and that she was grossly overcharged on both labor and material. But if the evidence for the company was competent, and proper to be considered, the finding of the circuit court on conflicting evidence cannot be disturbed. McIntosh v. Turner, 239 Ky. 495, 39 S. W.

(2d) 966. The company introduced its secretary and treasurer, who stated that Mrs. Terrell employed the company on a time and material basis to improve her building. The work was to be furnished for $1.25 per hour, and the material supplied at the standard prices. He testified that the charges in the itemized account were in accordance with the understanding and were the usual, reasonable, and customary charges for such work and material. When the bill was first rendered, Mrs. Terrell gave a check for the full amount. She then stopped payment on the check and demanded a material reduction in the bill. The method employed by the company in making and keeping records for the purpose of rendering statements to customers was explained in detail. The workmen on any job turned over to the superintendent or to the bookkeeper on each day the exact time expended upon any particular work. A charge therefor was then entered in a contract book. The material used was also entered in the contract book when and as it was required and called for by the workmen for each job. Memorandum blanks, dated and job-marked, were filled out by the workmen and given to the bookkeeper. These original tickets were preserved, and delivered to the attorney for the company, but were lost before the evidence was taken.

The source of the charges entered on the permanent records was the data furnished by the workmen and clerks from day to day as the work was performed and the material consumed.

The bookkeeper testified to the accuracy of the account according to the permanent record made by her in the manner and from the sources stated. The books consisted of the journal, the daybook, and the contract book. The superintendent testified to the reasonableness and accuracy of the charges in the account against the appellant. The account was made up from the permanent records derived from the time slips on which was noted each day the time and material used on specific contracts. The workmen turned in the time every night for that day, and the superintendent was in personal charge of them and knew that the time slips were correct when they were turned in to the bookkeeper. None of the workmen, as already noted, were offered as a witness. The attorney testified that the time slips and the protested check of Mrs. Terrell were given to him and he examined them,

but in moving his office, the file was lost and he could not produce the check or slips.

It cannot be doubted that the account was sufficiently proven. It was the record of transactions made at the time and constituted prima facie proof of the account.

Prof. Wigmore, in his work on Evidence, says:

> "Such entries are dealt with in that way in the most important undertakings of mercantile and industrial life. They are the ultimate basis of calculation, investment, and general confidence in every business enterprise. Nor does the practical impossibility of obtaining constantly and permanently the verification of every employee affect the trust that is given to such books. It would seem that expedients which the entire commercial world recognizes as safe could be sanctioned, and not discredited, by courts of justice." Volume 2, sec. 1530.

In the case of Givens v. Pierson, 167 Ky. 574, 181 S. W. 324, Ann. Cas. 1917C, 956, after full consideration, this court adopted that rule, which has been consistently followed. Baskett v. Rudy, 186 Ky. 208, 217 S. W. 112; West Kentucky Coal Co. v. Nall, 234 Ky. 249, 27 S. W. (2d) 965; Gus Datillo Fruit Co. v. L. & N. R. R. Co., 238 Ky. 322, 37 S. W. (2d) 856; Johnson's Admr. v. Pigg, 242 Ky. 631, 47 S. W. (2d) 63.

The case has been cited with approval in other jurisdictions, and the rule seems to work well. Cub Fork Coal Co. v. Fairmont Glass Co. (C. C. A.), 19 F. (2d) 273; Wylie v. Bushnell, 277 Ill. 484, 115 N. E. 618; Polus v. Conner (Ind. App.), 176 N. E. 234, 235; E. I. Du Pont de Nemours & Co. v. Tomlinson (C. C. A.), 296 F. 634, 641; Wisconsin Steel Co. v. Maryland Steel Co. (C. C. A.), 203 F. 403; Diament v. Colloty, 66 N. J. Law 295, 49 A. 445, 808; Morse Dry Dock & Repair Co. v. Susquehanna S. S. Co. (C. C. A.), 289 F. 436.

It follows that the judgment of the trial court was supported by competent evidence, and the ground suggested is not sufficient for overturning it. Greenwade v. First National Bank, 240 Ky. 60, 41 S. W. (2d) 369.

The judgment is affirmed.