## Baskett, et al. v. Rudy.

## Norment v. Rudy.

(Decided March 21, 1922.)

### Appeals from Henderson Circuit Court.

Appeal and Error—Husband and Wife—Subrogation—Finding of Chancellor—Sufficiency of Evidence.—In an action involving

rights of sureties, who had paid debts of deceased husband, to be subrogated to rights against wife's estate, on the theory that she was jointly liable on note and mortgage given for a loan satisfied out of the husband's estate, administered as insolvent, evidence considered and held to sustain the finding of the chancellor that the wife was a mere surety of her husband.

VANCE & HEILBRONNER for appellants.

JOHN C. WORSHAM and N. B. HUNT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in Lee Baskett, et al. v. Nannie G. Rudy and denying appeal and affirming in J. B. Norment v. Nannie G. Rudy.

Jesse M. Baskett died August 8, 1915, leaving a will by which he devised all of his property, except a bequest of $100.00, to his widow, Rebecca G. Baskett. His widow renounced the will and elected to take under the statute. Thereupon the Ohio Valley Banking & Trust Company qualified as administrator with the will annexed, and brought suit for a settlement of the estate. The Fidelity Mutual Life Insurance Company of Pennsylvania held the joint note of the Basketts for $7,000.00, which was secured by a mortgage covering not only certain lands belonging to Jesse M. Baskett, but other land belonging to his wife. The insurance company was made a party defendant and asked a recovery on the note and the enforcement of its mortgage lien. Only Mr. Baskett's land was sold, and the proceeds were more than sufficient to discharge the debt.

Lee Baskett and others, creditors of Mr. Baskett, filed their petition, asking to be subrogated to the rights of the mortgagee in the property of Mrs. Baskett, on the ground that she was a joint principal with her husband and her property was liable for one-half of the debt. The chancellor held that Mrs. Baskett was only a surety of her husband, and that her property could not be subjected to the claims of her husband's creditors.

On appeal, judgment was reversed on the ground that the evidence was not sufficient to show that Mrs. Baskett was only a surety, and the cause was remanded with permission to the parties to make further preparation if they so desired. Baskett v. Rudy, 186 Ky. 208, 217 S. W. 112.

On the second hearing the chancellor again adjudged that Mrs. Baskett was only a surety of her husband and dismissed the petition of the creditors. Baskett and

Nichols appeal and Norment asks that an appeal be granted.

On the return of the case appellants filed an amended petition, relying upon the following facts: On December 6, 1897, Baskett and wife executed to Rosa E. Gayle, Mrs. Baskett's mother, their joint note for $2,500.00, due January 1, 1899, and secured same by a mortgage upon three tracts of land in Henderson county. In consideration of his wife's agreement to discharge the $2,500.00 note to Mrs. Gayle, Baskett, on April 17, 1900, conveyed to her certain personal property and also certain real estate covered by the mortgage to Mrs. Gayle. On November 1, 1911, Basket borrowed from the Henderson County Savings Bank the sum of $6,500.00, and secured same by the joint mortgage of himself and wife covering certain real estate, including the land mortgaged to Mrs. Gayle. On the same day Mrs. Gayle made the following endorsement on the record of the mortgage, the same being attested in the name of the county clerk by his deputy, C. K. Sights:

"This mortgage having been satisfied in full, same is hereby released. This November 1, 1911."

It is therein alleged in substance that the proceeds of the $7,000.00 loan from the insurance company were used to pay the debt of $6,500.00 to the Henderson County Savings Bank, and that the proceeds of the loan from the Henderson County Savings Bank were used to pay the $2,500.00 note to Mrs. Gayle, the payment of which had been assumed by Mrs. Baskett.

In the meantime both Mrs. Baskett and Mrs. Gayle had died, and Nannie G. Rudy, who was their sole heir, filed a pleading denying that any part of the proceeds of the loan from the Henderson County Savings Bank was used to discharge the $2,500.00 note, or that the note had ever been paid. She further alleged that the release of the mortgage was obtained by fraud. Mrs. Gable, a granddaughter of Mrs. Gayle, testified that she was present when the mortgage was released. The mortgage book was brought in by Charley Sights, deputy court clerk, and Jesse Baskett. Jesse Baskett told Mrs. Gayle that if she signed "right here" (pointing to a place on the book) she would not have to pay taxes. No further explanation as to what she was signing was made, and no money was paid at the time. She was present when the last payment of interest was made on the note by Mr. Baskett. On cross-examination she stated that she knew that the note

had not been paid because she was with Mrs. Gayle when she realized what had happened, and she was so furious that she said she would like to get on the housetops and proclaim to everybody how her son-in-law had treated her. The note which is in the record was not marked paid or cancelled, and shows several payments of interest endorsed thereon since the alleged release of the mortgage. There was further testimony that the entire proceeds of the $7,000.00 loan from the insurance company were used to discharge Mr. Baskett's indebtedness to the Henderson County Savings Bank.

As the uncontradicted evidence shows that the proceeds of the loan from the insurance company were used to discharge Mr. Baskett's indebtedness to the Henderson County Savings Bank, it necessarily follows that Mrs. Baskett was a mere surety of her husband, unless her liability as principal may be worked out on the theory that the loan from the bank was used to pay the $2,500.00 note to Mrs. Gayle. On the one hand we have the release of the mortgage, coupled with the fact that the release was made on the same day that the loan from the bank was obtained. On the other hand there is evidence that the release was obtained by fraud, and that the note was never paid at all. In the first place, Mrs. Gable stated that Mrs Gayle was induced to release the mortgage by the representation that she would not have to pay any taxes thereon. In the next place the note was not surrendered or cancelled. While it may be that the endorsements of interest thereon made after the release of the mortgage were not admissible as to the time or fact of payment, there is direct evidence by Mrs. Gable that she was present when the last payment of interest was made, which occurred about four years after the mortgage was released. Her evidence is attacked on the ground that it tended to show that the payment of interest was made after Mr. Baskett's death, but, construed as a whole, it is not subject to that criticism. As it is highly improbable that Mr. Baskett would have been paying interest on the note, if, as a matter of fact, the note had already been paid, we think the evidence is sufficient to sustain the finding of the chancellor, that no part of the proceeds of the loan which Baskett obtained from the bank was used to pay the $2,500.00 note, and that Mrs. Baskett was a mere surety of her husband on the note which they executed to the insurance company. It follows that the petition of the creditors was properly dismissed.

Wherefore, the judgment as to Lee Baskett, et al. v. Nannie G. Rudy is affirmed, and the appeal of Norment is denied and the judgment affirmed.